## BARADA ET AL. *vs.* THE INHABITANTS OF CARONDELET.

1. The inhabitants of a corporate town are competent witnesses for the corporation, in a suit brought by the town, and in which the rights of the town are in controversy.

2. Where a person gives a bond, for the faithful discharge of the duties of an office, it is an admission of his appointment or title to the office, so far as to make him liable for official misconduct or neglect of duty.

3. Where the defendant demurs to the plaintiff's declaration, and the demurrer is overruled, and the defendant then pleads to the action, he must be considered as having withdrawn or waived his demurrer.

### APPEAL from St. Louis County Court.

PRIMM, TAYLOR *and* POLK, *for Appellants.*

1st. The court below should have excluded the testimony of one Joseph Le Blond from the jury, for the reason, that said Le Blond was an inhabitant of said

town of Carondelet, and had such an interest in the result of this suit, as to render him an incompetent witness to testify in this cause.—Angell and Ames on Corporations, 16; Greenleaf on Evidence, 380; 2 Johns. Rep., 175.

2d. There was no sufficient and legal testimony before the court and jury, that said Barada was the lawfully appointed treasurer of said town, and the court erred, in not sustaining appellant's motion to nonsuit the plaintiff.

3d. The court erred in its instructions to the jury, as to the law applicable to the cause made out by the proof.

4th. The court erred in overruling the demurrer to the first count of the declaration, when the same should have been sustained.

5th. The court erred in overruling appellants' motion for a new trial, when, by the law of the land, the same ought to have been sustained.

Bogy *and* Hunton, *for Appellees.*

1. The defendant introduced no testimony to sustain any of his pleas, except that different kinds of money had been paid to him, and that he offered to settle with the plaintiffs, if they would receive Mineral Point money.

2. Admitting that different kinds of money had been paid to defendant, as treasurer, yet he cannot avail himself of this, as he failed to specify and distinguish the different kinds of money thus paid him, as required by the ordinance under which he held his office. (See the ordinance.)

3. If depreciated money was paid to defendant, and he complied with the ordinance regulating and prescribing his duties, in distinguishing it in the book by him kept, yet, if he used the money for his own particular purposes, he is responsible for it in gold and silver.

4. By the testimony given by the defendant's own witness, it is proven that he failed to pay orders drawn upon him by the register of the town of Carondelet, long before the money which had been paid to him became depreciated; thus showing, that he had not kept the money paid to him, and had used it for his own purposes.

5. If an agent, such as the treasurer of a town, receives depreciated bank notes for his principal, and credits it to him as money, and is in the habit of paying out, on orders, the same kind of money which he received, and not distinguishing, in his accounts, the kind of money which he receives and pays out, but makes out his accounts in dollars and cents generally, he is liable to the principal for any balance in his hands, in the legal coin of the country.

6. The balance appearing to be due, by the book kept by the defendant, is *prima facie* evidence of such balance being due by the defendant in dollars and cents; and it rests upon the defendant to show, in order to entitle him to a credit, that that balance was made, not of money received and credited on general account, but of a special deposit of notes of the Bank of Mineral Point, which have always been kept on hand, and have been there, ready to deliver to the plaintiff on demand.

7. The witness, Le Blond, was a competent witness: although he is one of the

corporators, he had no direct interest in the event of the suit; he comes within the rule, that a corporator, not disqualified on the score of interest, is a competent witness.—2 Starkie's Ev., 580, note G.; 1 Paige's Chan. Rep., 613, in the matter of Kip——; Angel & Ames on Corporations, 389, 390, and notes 1, 2, 3, 4 and 5. See chapter, "Digest of Cases," as to interest of witnesses, in Peake, 167, (*admission ex necessitate*) ; 1 Starkie on Ev., 120; Middleton *vs.* Frost, 4 Cant. & Payne, 15, or 19 Eng. Common Law Rep., 255; State of Connecticut *vs.*.Bradish, 14 Mass. Rep., 294. See, also, Phillips on Ev., 97, 126.

8. When the interest of the witness is very remote, and uncertain, he is competent.—Fales & Smith *vs.* Belknap, 1 Johns. Rep., 486 ; Cowen *vs.* Haines, 11 Johns. Rep., 76; Bloodgood *vs.* The Overseers, &c., 12 Johns. Rep., 285; 1 Phil. Ev., 58, and note C; 4 Tenn. Rep., 17; King *vs.* Prossen,——; Bent *vs.* Baker, 3 Tenn. Rep., 27.

9. A commoner is inadmissible to prove a right of common, unless the common be claimed by prescription, in the right of a particular estate. The reason of the rule is, that, in case of customary commoners, a verdict in an action for or against one, is evidence for or against another claiming the same right.—Jacobson *vs.* Falls, 2 Johns. Rep., 170, (see opinion of Justice Thompson); Lord Raymond, 731; Doug., 374; Skinner, 174; 1 East., 355; 1 Tenn. 302, 303 ; Peake's Ev., 31.

10. By the modern practice, where the interest is very small and remote, the objection goes to the credibility of the witness, and not to his admissibility.

Tompkins, J., *delivered the opinion of the Court.*

This is an action of assumpsit, commenced in the Court of Common Pleas of St. Louis county, against Peter D. Barada and others, by the inhabitants of the town of Carondelet. The declaration contained three counts. The first is founded on a writing, purporting to have been executed by said Barada, and by two others, as his securities, acknowledging themselves to be held and firmly bound to the plaintiffs, in the sum of three thousand dollars, subject to the condition following, *viz.:* "That whereas the said Peter D. Barada was re-appointed, by the board of trustees of the town of Carondelet, treasurer of the said town, from and after the 24th day of April, in the year 1841, it was conditioned, that if the said Peter D. Barada should well and truly perform the duties of his office, aforesaid, &c., and render a true account of all moneys in his hands, &c., and pay over the same, as requisite, then the said writing to be null and void, otherwise, to be and remain in full force and virtue, &c." It is then averred, that a large sum of money came to his hands as treasurer, as aforesaid, and that said Barada had not paid it over, &c. The other two counts of the declaration were the common money counts. To this first count, there was a demurrer. The demurrer was overruled, and leave given to the defendant to plead. No judgment was entered on the demurrer, and the defendant then pleaded to all the counts. 2d. To the first count, a sham plea, not supported by one word of evidence, is pleaded. 3d. The third plea is also to the first count, and is equally unsupported by evidence, to wit, that at the commencement of this suit, the said Barada had on hand,

and since that time, has had, and still continues to have, and still has in his hands, three hundred bank notes, of the Bank of Mineral Point, of the denomination of five dollars each, which bank notes were so placed in said Barada's hands, by the plaintiffs, for safe-keeping, and which said bank notes the said Barada has always been ready and willing, and before commencement of this suit, &c., offered, and was ready to deliver to the said plaintiffs, &c. 4th. The fourth plea denies that the defendant, Barada, ever was treasurer: this plea is pleaded also to the first count. 5th. In the fifth, the defendant pleads, that he has paid the several sums in the said declaration demanded, &c. 6th. In the sixth, the defendant pleads a set-off.

Replications are filed to all these pleas, and issues made. A verdict was found for the plaintiffs, on all the issues; the damages were assessed twelve hundred and five dollars and ninety-eight cents, and judgment rendered accordingly.

The bill of exceptions shows, that on the trial, the plaintiffs read in evidence the charter of the town of Carondelet, and the proceedings of the corporate body appointing the defendant treasurer, and also the instrument of writing on which the suit is founded.

The plaintiffs then produced, as a witness, one Joseph Le Blond, a corporator of the said town of Carondelet, and the defendants moved to exclude him, as incompetent, from interest: the motion was overruled, and exceptions taken. The plaintiffs then produced, and proved by said Le Blond, certain ordinances passed by the corporation of the town, and among them the record of the proceedings of the corporate authorities of said town, appointing the defendant treasurer, and read in evidence the record of the appointment of the defendant, Barada, as treasurer of said town.

They then produced, and proved by said Le Blond, a book kept by said Barada, as treasurer aforesaid, by which it appeared, that on the 20th August, 1841, by a settlement then made, there was in his hands, of the money of the corporation, $1,135 95. It was then proved, by the testimony of said Le Blond, that the defendant, Barada, was removed from his office of treasurer, by the corporate authorities, in August, 1841. No other evidence was given by the plaintiffs.

Thereupon, the defendants moved the court to enter a nonsuit against the plaintiffs, on the ground, that it did not appear, from the testimony, that Barada was lawfully the treasurer of the said town of Carondelet. The motion was overruled by the court, and its decision excepted to.

The defendant then introduced one McLaughlin as a witness, who stated that he was three years collector of said corporation, to wit, during the years 1839, 1840 and 1841; and register, four or five years, ending in July, 1842: that, while he was collector, he collected and paid over to said treasurer the notes of various banks, amongst the rest, many of the Mineral Point Bank; they were esteemed the best; that he had collected, and paid over to the treasurer, perhaps, as much as one thousand six hundred dollars in that money; that, at the time the board were about to remove Barada from his office of treasurer, he appeared before them, and stated, that he was ready to pay over to them the balance in his hands as treasurer, if they would receive it in the notes of the Mineral Point Bank: this offer was made a short time before the commencement of the suit. The board

refused to take it. The witness stated, that, as register, it was his duty to draw on Barada, as treasurer, orders for money owing by the corporation; that he is under the impression that Mineral Point money went down, (depreciated) in 1841; that it is his impression, that several of his orders, drawn on the board, were refused, and that the knowledge of such refusal of payment was brought before the board, prior to the time Mineral Point money was discredited. No other evidence was given in the case.

The court then gave the jury four instructions, of which it will not be material to notice any but the third, as in it is incorporated every principle involved in the others; it is as follows:

The settlement and account, made by the defendant with the plaintiffs, showing a balance due the latter of one thousand one hundred and thirty-five dollars, are *prima facie* evidence of such balance, due by the defendant to the plaintiff in dollars, and it rests upon the defendant to show, in order to entitle him to a verdict, that that balance was made up, not of money received and credited on a general account, but of a special deposite of notes of the Bank of Mineral Point, which have always been kept on hand, and have been there ready to deliver to the plaintiff on demand.

No exceptions were taken to these instructions. But after verdict, a new trial was moved, because—1st, the verdict was against law; 2d, against evidence; 3d, against the weight of evidence; 4th, because the court gave erroneous instructions to the jury; 5th, because the court overruled the defendants' motion for a nonsuit; 6th, because the court admitted an incompetent witness to testify.

This motion was overruled, and the defendant excepted.

It is assigned for error, 1st, That the court admitted the evidence of Joseph Le Blond, a corporator.

2d, That the court overruled the appellant's motion to enter a nonsuit against the plaintiff, on the ground that it did not appear, from the evidence, that said Barada was lawfully the treasurer of the town of Carondelet.

3d, That the court gave improper instructions to the jury.

4th, That the court overruled the appellant's motion for a new trial.

1. Joseph Le Blond was an inhabitant of the incorporated town of Carondelet, a member of the body corporate. See Greenleaf's Evidence, p. 380, where it is said, "Corporations, it is to be observed, are classed into public, or municipal, and private corporations. The former are composed of all the inhabitants of any local or territorial portions into which the country is divided by political organization. Such are counties, towns and the like. These, considering the public nature of the suit, the minuteness of the interest, &c., are admitted as competent witnesses, in all cases in which the rights and liabilities of the corporation only are in controversy. But members, or stockholders, in institutions created for private emoluments, though not parties to the record, are not, therefore, admissible as witnesses; for, in the matters in which the corporation is concerned, they have, of course, a direct, certain, and vested interest, which necessarily excludes them." See same book, p. 383. Joseph Le Blond was then a competent witness, and no error was committed by the court, in admitting his evidence.

---

*Barada et al.* vs. *The Inhabitants of Carondelet.*

---

The second error assigned is, that the court erred in overruling the defendant's motion to enter a nonsuit against the plaintiffs, on the ground, that it did not appear that Barada was lawfully the treasurer of the town of Carondelet.

The plaintiff is, in no case, compelable to be nonsuited, and therefore, if he insist upon the matter being left to a jury, they must give in their verdict. (Tidd's Practice, 796.) To the same purpose, see 5 Bacon, title, "Nonsuit," letter A. The court, then, had no authority to tell the plaintiff he should take a nonsuit. We will now examine whether there was any evidence that this man, Barada, was, in his own language, lawfully treasurer.

To pass over in silence the ordinances authorizing the creation of a town treasurer, and the proceedings of the corporate authorities, proved by the witness, Le Blond, in appointing him treasurer, the declaration itself, in this case, is founded upon an instrument of writing, charged to have been executed by the defendant, which instrument, the statute declares, shall be received in evidence, unless the party charged to have executed it deny the execution thereof, by plea verified by affidavit. (Section 18 of 4th article of the act to regulate practice at law, p. 463 of the Digest of 1835.) By this instrument of writing, in no way denied by plea verified by affidavit, he undertakes to discharge the duty of treasurer. "Where one has assumed to act in an official character, this is an admission of his appointment, or title to the office, so far as to make him liable, even criminally, for misconduct, or neglect of that office." (Bevan *vs.* Williams, 3 T. Reports, cited in Greenleaf's Evidence, p. 228.)

3. That the court gave improper and illegal instructions to the jury. The defendant has not excepted to these instructions. Exceptions should be taken in the progress of the cause. (See Practice at Law, article 4, sec. 20, and Consaul et al. *vs.* Liddell, 7 Mo. Rep., 253.) The first we learn of any objection to the instructions, is on the motion for a new trial, which might have been four days afterwards. His exceptions, then, do not appear to have been taken in due time. But the defendant's counsel has not ventured to cite any authority against the instructions, and they appear to me to be founded in good sense. The fourth assignment of errors is, that the defendant's motion for a new trial was overruled. The law appears to have been very well explained to the jury, and they had an abundance of evidence to justify their finding, the defendant's own books showing him to be in arrears $1,135 95. The verdict is for $1,205 98. The excess, it may be supposed, is the damages allowed by way of interest, the payment of which might readily have been avoided by paying the principal at once.

But there is another assignment of errors, to wit, that the court overruled the defendant's demurrer to the first count in the declaration. No judgment was entered on this demurrer, and the defendant, by pleading to the whole declaration afterwards, must be supposed to withdraw his demurrer, and therefore it should not have appeared on the record. But the first count seems to me a very good one, and the defendant's counsel have not pointed to any defect in it.

The judgment is affirmed.