SELMES, Respondent, *vs.* SMITH & OTHERS, Appellants.

1. Goods were levied on by the sheriff under execution, and advertised to be sold. On the day of the sale, by agreement of the parties, a bond was executed by the defendant in the execution for the delivery of the goods at a future day. *Held*, this was not a statutory bond under the 31st section of the act concerning "Executions," (R. C. 1845,) and could not be enforced as such by a summary proceeding on motion.

*Appeal from Hannibal Court of Common Pleas.*

This was a motion for judgment on a delivery bond taken by the sheriff.

On the 20th of January, 1855, T. R. Selmes obtained a judgment against Smith & Dick. On the same day, an execution issued, and was levied on a stock of goods belonging to the defendants. The goods were by the sheriff advertised to

Selmes *v.* Smith.

be sold on the 12th of February, 1855.   On the day of the
sale, the defendants offered to give him a bond for the delivery
of the goods at a future day, which he delined to receive, un-
less by written agreement of the parties.   After the sale was
commenced, the plaintiff and defendants entered into a written
agreement, by which the sale was postponed to the 17th of
May, and the defendants executed a bond, with several securi-
ties, for the delivery of the goods on that day.   The goods not
being delivered on the day appointed, the plaintiff moved for
judgment on the bond, which he obtained in the court below.
The defendants appealed.

   *Richmond*, for appellants.
   *Lamb* and *Lakeman*, for respondent.


   SCOTT, Judge, delivered the opinion of the court.

   This is a proceeding against sureties, and it is well settled
that the obligations they contract, are to be strictly construed.
The 31st section of the execution law directs that, " when the
sheriff or other officer charged with the service of an execution,
shall levy it upon personal property, the defendant may retain
possession thereof until the day of sale, by giving bond in fa-
vor of the plaintiff, conditioned for the delivery of the property
at the time and place named in the condition."   From the re-
turn made by the sheriff to his writ, it appears that the prop-
erty of the defendants in the execution had been levied upon ;
it was advertised, and the sale actually commenced on the day
appointed.   It would seem from these facts, that the power of
the sheriff, as far as this levy was concerned, was exhausted as
to a delivery bond.   He was under no obligations at that day
to take a forthcoming bond, and acted accordingly, by refus-
ing to take one without the consent of the plaintiff.   After-
wards, by a written agreement between the parties to the ex-
ecution, in which, however, the sureties did not join, the day of
sale was postponed, and the bond, the foundation of this pro-
ceeding, was taken for the forthcoming of the property on the

day agreed upon. Now, it seems to us, that it cannot be said, that this bond derives its validity from the statute authorizing the taking of delivery bonds. The bond was taken under circumstances which would not warrant the taking of a bond, which was to be enforced by a motion in case of a breach of its condition. The facts show that it was a bond arising purely out of the consent and agreement of the parties. It cannot, therefore, be used as a statutory bond. It is good, for aught that appears, as a common law bond, and the parties must look to the ordinary remedy in order to enforce it.

The other judges concurring, the judgment will be reversed.