THE STATE *ex rel.* SALINE COUNTY v. SAPPINGTON *et al.,* Plaintiffs in Error.

1. **County Treasurer**: NEW BOND REQUIRED WHEN OLD BOND IS IN-SUFFICIENT: RELEASE OF SURETIES IN OLD BOND: VOLUNTARY BOND. The additional security which sections 23, 24 and 25, p. 1306, Wag. Stat., make it the duty of the county court to require of a county treasurer, when his official bond becomes insufficient, is a single bond in the sum of not less than $20,000. The acceptance of several bonds aggregating that sum is not a compliance with the law, and will not have the effect of releasing the sureties in the old bond. Such obligations will, however, be good as voluntary bonds, and the sureties in them will be liable for the treasurer's defalcations.

2. **County Treasurer**: EFFECT OF GIVING ADDITIONAL BOND. An additional bond given by a county treasurer, in obedience to an order of the county court, to secure the faithful performance of his official duties; does not secure the county merely against defalcations in excess of the amount of his original bond, but against any that may occur, and is to be treated as a concurrent security with the original.

*Error to Saline Circuit Court.*—HON. WILLIAM T. WOOD, Judge.

*Yerby & Vance* and *Sam'l Boyd* for plaintiffs in error, cited Wag. Stat., 410, § 5 ; 1305, §§ 23, 24, 25 ; 2 Black. Com., (19 Ed.) 85 ; *State ex rel. v. Clarke Co. Ct.,* 41 Mo. 44 ; *Sheeley v. Wiggs,* 32 Mo. 398 ; *Smith v. Haworth,* 53 Mo. 88 ; *Schell v. Leland,* 45 Mo. 289 ; *Jefferson Co. v. Cowan,* 54 Mo. 234 ; *U. S. v. Tingey,* 5 Peters 115 ; *Robards v. Samuel,* 17 Mo. 555 ; *Cooke v. ———,* Freeman's Ch. (Eng.) 97 ; *Craythorne v. Swinburne,* 14 Ves. 160 ; *Armitage v. Pulier,* 37 N. Y. 494 ; 1 Story Eq. Jur., § 498 ; *Stull v. Hance,* 62 Ill. 52 ; *Coope v. Twynam,* 1 Turner & Russell 426 ; *Dering*

*v. Lord  Winchelsea,* 1 White & Tud. Lead. Cas. in Eq. 85.

*Thomas  Shackelford* for defendant in error, cited *Moore's Admr. v. Williams,* 61 Mo. 63; *Gathwright v. Callaway Co.,* 10 Mo. 663.

Hough, J.—The defendant, Barnabas Sappington, was elected treasurer of Saline county in 1868, gave bond in the sum of $20,000, and, no successor having been elected and qualified, continued in office until January 1st, 1874, when he resigned, and a successor was appointed by the county court, who was duly qualified. On the 4th of April, 1871, the county court, for what reason does not appear from the record, required him to give additional bonds as such treasurer, in the sum of $10,000 for school funds and $10,000 for county funds; the bond, which is the foundation of the present action, recites that it was given in pursuance of the foregoing order. It is dated April 7th, 1871, is for the sum of $10,000, and concludes as follows: "Now if the said Barnabas' Sappington, treasurer as aforesaid, shall well and truly perform all the duties of said office, until his successor is duly elected and qualified, and pay over to him the amount in his hands by order of the county court, then this bond to be void, otherwise to remain in full force." On a final settlement made by Sappington in January, 1874, it appeared that he was, at that time, chargeable, as treasurer, with the sum of $2,827.14 which he was ordered to pay over to his successor in office. With this order he failed to comply. The testimony tended to show that a deficit in his accounts occurred after the bond in suit was given. The following instruction was given by the court at the instance of the plaintiff: "If the court finds from the evidence, that at the time of the filing and approval of the writing obligatory sued on by the county court, if defendant Sappington was the treasurer of Saline county; that prior to said

time no deficit had occurred in said Sappington's accounts as treasurer, and that the deficit with which he is charged in this suit had not occurred previous to that time; that Sappington continued to act as treasurer after said writing was approved by the court, without a successor being duly qualified, until January 19th, 1874, when Martin took possession of the office as his successor; that he resigned the office and made a final settlement, and that by said settlement a balance was found to be in his hands belonging to the county revenue, which he was ordered to pay over to his said successor; that he has failed to comply with that order although duly notified of it, and that there is a balance still due by said Sappington, as treasurer, to the county revenue, then the court will find for plaintiff and assess the damages at the sum found to be due by said Sappington, and interest from the date of his final settlement; the damages not to exceed the amount claimed in the petition."

The following instructions asked by the defendants were refused : " The court declares the law to be that the only authority given by statute to the county court, which would warrant the said court in accepting a new bond, or any additional bond, from a county treasurer who has given the bond required by law, must operate as a discharge of the securities in the old bond; and, in order to do this, must be in strict conformity to the statutes, and unless the former sureties are released, the new or additional bond is void." " The court declares the law to be that no money can be drawn out of the county treasurer's hands, except by warrants drawn by order of the county court, and it devolves upon the plaintiff to show that the treasurer, Sappington, has refused to pay such warrants before she can recover against the securities in this action." " The court declares the law to be that the county court is created by statute, and its powers confined to the authority given it by statute, and had, under the law, no power either to require or accept from defendants

any bond, except such as is authorized directly by the statutes, and if the record of the county court does not show that the order requiring defendant, Sappington, to give a new bond was made in pursuance of sections —— of the statute in regard to sureties, the bond in controversy is void." The defendants thereupon asked the two following instructions, which were given by the court: "The court declares the law to be that the obligation of a surety is a matter of strict law, and can never arise by implication; that it devolves on plaintiff to show by legal evidence that the deficit which appears in the final settlement of the said Barnabas Sappington, arose during the existence of the bond sued on, or plaintiff cannot recover." "To entitle the plaintiff to recover in this action, she must prove to the satisfaction of the court that the defendant, Barnabas Sappington, was guilty of some default or official misconduct after the execution of the bond sued on, and defendants are not liable in this action, as Sappington's securities, for money received by him prior to the execution of their bond, unless the court is satisfied from the evidence that the money was in the county treasury at the time these defendants executed their bond, or at some subsequent period prior to Sappington's resignation as treasurer." The court found for the plaintiff, and the defendants have appealed.

It is now contended on behalf of the sureties on the bond here sued on, that it was not given in conformity to the statute, which authorizes the county court in certain specified cases to require county officers to give additional security, nor was it so intended; that the sureties on the bond for $20,000 originally given by the defendant, Sappington, were not released by the execution of the second bond; and that the sureties on the second bond, are only liable in the event the default of the treasurer shall exceed $20,000, the amount of the penalty of the first bond.

The sections of the statute (Wag. Stat., 1306, Secs. 23, 24 and 25), which authorize the county court to require

an additional bond from the county treasurer, which when approved by the court, will discharge the former sureties, do not prescribe the amount of such additional bond. But when we consider that the statute in relation to county treasurers, (Wag. Stat., p. 410, Sec. 5,) requires those officers to give bond in a sum not less than $20,000, we can but conclude that the additional bond, which is designed to supersede the first bond, must be of equal or greater amount. The order of the county court, now before us, required two bonds to be given for $10,000 each, and the purpose of the court undoubtedly was to require an aggregate security of $20,000, which when given and approved by the court, would release the sureties on the original bond. This order, however, does not in our judgment, conform to the requirements of the law on this subject. We are of opinion that the court should have required a single bond for at least $20,000, and not several bonds aggregating $20,000. The bond in suit cannot therefore be regarded as a statutory bond, and it necessarily follows that the sureties on the first bond were not thereby released. Nevertheless it is good as a voluntary bond. *Wood, Admr. v. Williams et al.*, 61 Mo. 63. It is an independent security for the official conduct of the defendant, Sappington, and his failure to pay over the money in his hands as treasurer, to his successor in office as required by the order of the county court was a breach of its terms, for which the defendants in this suit have expressly stipulated they may be held liable.

There is nothing on the face of the bond exempting them from liability in the event the default of their principal should not exceed the sum of $20,000; nothing from which such restricted liability may be implied. There is nothing in the use of the word, " additional bond," contained in the recitals of the order of the court, which would authorize such an inference. These identical words are employed in the statute with reference to a bond which shall entirely supersede a previous bond; and if they are

apt words to describe a substituted security, they are certainly comprehensive enough to include a concurrent or additional security. The intention of the parties in executing the bond now sued on,. was doubtless in harmony with the purpose of the court, which was that a bond should be given for the county revenue, which in connection with a bond in like sum for the school funds should take the place of the original bond.

The question of contribution between the sureties on the several bonds, which was argued before us, is not involved in the present controversy, and we shall refrain from expressing any opinion upon that subject. We perceive no error in the rulings of the circuit court, and its judgment will be affirmed. All concur. AFFIRMED.