JOHN H. SMITH, ex rel. and to the use of JOHN T. McELHANY, Appellant, v. ROGERS et al.

### Division One, November 22, 1905.

1. **INDEMNIFYING BOND: Attachment Suit.**   An indemnifying bond, given to the constable, by the plaintiff in an attachment suit and his sureties, after judgment before a justice of the peace in favor of such plaintiff and after execution and levy on the property, upon the assertion by a third party of a claim of of ownership to the property, is a valid bond, and after the property has been sold by the constable and the proceeds turned over to the attaching creditor, the constable, at the relation and to the use of said third party, may sue thereon, although said third party did not, in the attachment suit, interplead for the property. [Distinguishing State ex rel. v. Koontz, 83 Mo. 323.]

2. ———: ———: **Special Execution.**   A suit may be maintained in such case whether the execution was issued on a general judgment against the attachment debtor, or was a special execution based upon a judgment in attachment where the defendant therein was brought into court only by constructive notice, and not on personal service. Under section 4043, R. S. 1899, which authorizes such bonds, no distinction can properly be drawn between a levy of a special and of a general execution.

3. ———: ———: ———: **Levy of Execution: Estoppel: Recital.** Where the indemnifying bond, given by the plaintiff in the attachment suit, recites that the constable had levied the execution prior to the execution of the bond, the plaintiff, when sued on the bond, is estopped to assert that there had been no levy of the execution in the attachment suit when the bond was executed.

4. ———: ———: ———: ———: **Description of Property Attached.**   Where there is no room for doubt that there was but one engine attached and sold under execution, there is no merit in the contention that the indemnifying bond describes the property as a Birdsall engine whereas in fact it was a Russell engine.

Transferred from St. Louis Court of Appeals.

REVERSED AND REMANDED.

*Adiel Sherwood* and *J. S. McIntyre* with *L. W. White* for appellant.

(1)   Defendants were liable upon their indemnity bond, under section 423, Revised Statutes 1899.   Kessler v. Gold Spring Distilling Co., 72 Mo. App. 573; Flint ex rel. v. Young, 70 Mo. 221; Palmer v. Shenkel, 50 Mo. App. 571; Rebmon v. Durant, 53 Mo. App. 493; Cabinet v. White, 48 Mo. App. 404; Rivercomb v. Durket, 74 Mo. App. 570.   And appellant had no other remedy.   (2) Even if this action were not authorized under the above section, defendants would be liable at common law upon the indemnity bond for damages to plaintiff, because the bond was voluntary, not in violation of any statute, had no illegal purpose, and did not contravene public policy.   Hardw. Co. v. Greve, 18 Mo. App. 6; Barnes v. Webster, 16 Mo. 258; Williams v. Coleman, 49 Mo. 325; 1 Brandt on Suretyship & Guaranty (2 Ed.), sec. 22.   A constable has the common law right to require indemnity before seizing or selling property.   Shinn on Attachment, sec. 203; Smith v. Cicotte, 11 Mich. 383; Smith v. Asgood, 46 N. H. 178; Shriver v. Harbough, 37 Pa. St. 399.   In addition, the constable had the common law right to require an indemnity bond before selling property upon which he had levied—claimed by a third person.   (3)   Section 423, supra, applies to executions in attachment cases as well as to general executions. Dodd v. Thomas, 69 Mo. 364; Schroeder v. Moss Co., 83 Mo. App. 2.   (4)   The second and third instructions asked by plaintiff should have been given; they properly declare the law, and if given the appellate court would have known upon what theory of law the trial court proceeded.   Cunningham v. Snow, 82 Mo. 587; Hisey v. Goodwin, 90 Mo. 366; Krider v. Milner, 99 Mo. 145; Sutter v. Raeder, 149 Mo. 297; Wheeler v. McDonald, 77 Mo. App. 213; Dollarhide v. Mabary, 125 Mo. 195.   (5)   The court erred in giving the instruction ask-

ed by defendants at the close of the evidence; it is in the nature of a demurrer, and should, be so considered by this court. Butler Co. v. Bank, 143 Mo. 13. (6) A claimant of property may sue upon an indemnity bond even prior to a sale of the property. State ex rel. v. Mfg. Co., 149 Mo. 181.

*O. L. Cravens* for respondents.

(1) The personal property on this case was seized and levied on under the writ of attachment. There was never any levy under the execution issued by the justice. The character of the levy and seizure in the first instance determines the right of the constable to exact an indemnity bond. Here it was under a writ of attachment and the property was in the custody of the law, as distinguished from a mere seizure under an execution. Where property has been seized by a constable under a writ of attachment there is no provision of the law authorizing the giving of an indemnity bond. State to use v. Koontz, 83 Mo. 330; State to use v. Furniture Co., 22 Mo. App 109; State to use v. Fitzpatrick, 64 Mo. 189; State to use v. Reyburn, 22 Mo. App. 303; Gibson v. Locke, 58 Miss. 298. (2) There is a local statute, applicable alone to the city of St. Louis, authorizing the constable or sheriff to demand a bond of indemnity in attachment cases, but it can not be that this statute is invoked here. State to use v. Reyburn, 22 Mo. App. 109; State to use v. Furniture Co., 22 Mo. App. 185; Kreher v. Mason, 25 Mo. App. 291; Kessler v. Company, 72 Mo. App. 573; Dodd v. Thomas, 69 Mo. 364; Schroeder v. Company, 83 Mo. App. 2. (3) The point that this bond is good and can be enforced as a common law bond is not tenable. 1. This action is not to enforce a bond at common law. The case was tried in the lower court upon the theory that it was a valid bond given under the statute, and plaintiff will not be permit-

ted to change front in this court and contend that it is now good as a common law bond. 2. Under the common law the constable had no right to demand of the plaintiff a bond of indemnity before he shall levy an execution even. State ex rel. v. Koontz, 83 Mo. 330; 10 Am. and Eng. Ency. Law (1 Ed.), 425. A statutory bond, being itself invalid under the statute, can not be enforced as a common law bond. Pierce v. Kingsbury, 63 Mo. 259; Kick v. Merry, 23 Mo. 72; Thornton v. Railroad, 42 Mo. App. 58; Johnson v. Ragsdale, 73 Mo. App. 594; Harrington v. Crawford, 136 Mo. 467. (4) It is a mistake to say that McElhany had no other remedy. The indemnity bond being void, he could sue in replevin, or sue the constable and defendants, Rogers and Rush both, in trespass. Or he need not have filed a claim with the constable. Palmer v. Shenkel, 50 Mo. App. 571; Cabinet v. White, 48 Mo. App. 404. McElhany also had his action on the attachment bond. (5) There are a line of cases in this State which hold that where a bond is executed in response to the demands and requirements of a statute, which omits part of the conditions specified in the law, the bond is nevertheless valid as to the conditions contained in it. In all those cases, however, it was the legal duty of the plaintiff to give a bond, and the rule is declared that where the bond "merely falls short of the statutory enumeration in such a manner as to be more favorable to the party executing it," he is bound by it to that extent. State to use v. Berry, 12 Mo. 376; Flint ex rel. v. Young, 70 Mo. 221. But where, as here, there was no warrant in law for the taking of the bond, it can not be upheld as a binding obligation. (6) No principle is better settled than that plaintiff must recover on the bond according to its strict letter. Beyond that the law will not go in enforcing liability. Rothman v. Kermis, 79 Mo. App.

111; Hardcastle v. Hickman, 26 Mo. 475; Nofsinger v. Hartnett, 84 Mo. 549; State to use v. Boon, 44 Mo. 254.

MARSHALL, J.—This is a suit upon an indemnifying bond, executed by the defendants to the plaintiff Smith, to hold him harmless on account of the levy of a special execution in an attachment proceeding, lately pending in Newton county, Missouri, wherein the defendant Rogers was the plaintiff, and one James Lewis was the defendant. After the levy, one Benjamin Eiseman claimed to own the property, and the defendant Rogers as principal, and the defendant Rush as surety, executed the indemnifying bond to the plaintiff Smith, the constable who made the levy. Afterwards Eiseman assigned his claim to the plaintiff McElhany, who instituted this action on the bond, the constable having sold the property levied on and applied the proceeds to the payment of the debt owing to the defendant Rogers by said Lewis. The circuit court held that the plaintiff could not recover on the ground that the statutes of this State do not authorize or recognize an indemnifying bond in cases where the suit was in attachment and the writ was a special execution, and where the defendant in the attachment suit was not personally served so that a general judgment could be rendered against him. From that judgment the plaintiff appealed to the St. Louis Court of Appeals. The decision in that case is reported in 99 Mo. App. 252. The majority of the Court of Appeals, in a learned and exhaustive opinion by Goode, J., reversed the judgment of the circuit court and ordered the cause remanded for a retrial, holding that as the levy in this case was under a final judgment, the case fell within the provisions of section 4043, Revised Statutes 1899, which authorizes a constable to demand an indemnifying bond where the property levied on is claimed by a third person, and that the case was properly distinguishable from the decision of this court

in State ex rel. v. Koontz, 83 Mo. 323. But one of the judges of the St. Louis Court of Appeals dissented, for the reason that he deemed the opinion to be in conflict with the Koontz case, and upon his request the cause was certified to this court, and under section six of the amendment of 1884 to article six of the Constitution, the duty is devolved upon this court to re-hear and determine the cause as in case of jurisdiction obtained by ordinary appellate process.

The facts in judgment are few and undisputed. They are these: The defendant Rogers instituted a suit in attachment against one James Lewis before a justice of the peace in Newton county. The constable levied the attachment on a certain boiler and engine. Lewis was not personally served, but was brought into court by constructive notice. Rogers obtained judgment by default, and a special execution was issued and ordered to be levied upon the boiler and engine. After the levy Eiseman, as assignee, for the benefit of the creditors of John T. McElhany, gave the constable notice, in writing, duly verified, that he claimed the property. Thereupon the constable demanded of Rogers an indemnity bond, and Rogers as principal, and Rush as surety, executed and delivered to the constable the indemnity bond sued on. The bond was conditioned as follows: "Whereas, by virtue of an execution issued by W. H. Campbell, a justice of the peace of Neosho township, in Newton county, in the State of Missouri, on the 7th day of February, 1897, on the judgment in favor of said John A. Rogers and against James H. Lewis, said James H. Smith, constable of said township, has levied on a certain ten-horse steam engine and boiler, known as Birdsall engine and boiler, as the property of said James H. Lewis; and whereas, Benjamin Eiseman, assignee of John T. McElhany, claims said property, and has delivered to said constable a written notice of his claim therefor according to law.

Now, if the said John A. Rogers shall indemnify the said John H. Smith, constable, against all damages and costs which he may sustain in consequence of the seizure and sale of said property, and pay and satisfy said Benjamin Eiseman, assignee of John T. McElhany or any person or persons claiming title to said property, all damages, which he, or such person or persons, may sustain in consequence of such seizure and sale of the same then this bond to be void; otherwise to remain in full force."

Upon receiving said bond the constable sold the property and applied the proceeds to the payment of the debt Lewis owed Rogers. Thereafter Eiseman, as assignee of McElhany, wound up the assignment, and transferred all his right under the bond to McElhany, who instituted this suit.

## I.

The learned opinion of GOODE, J., speaking for the majority of the St. Louis Court of Appeals, which must be read in connection with what is here said, leaves comparatively little for discussion and decision by this court. The learned judge of that court who dissented from the majority opinion did so solely on the ground that in his opinion the opinion of the majority of the St. Louis Court of Appeals was in conflict with the decision of this court in State ex rel. O'Bryan v. Koontz, 83 Mo. 323. The opinion in the Koontz case was delivered by PHILIPS, Commissioner, and is an interesting and convincing discussion of the question presented for judgment by the facts in that case, which were these: That was an action on the official bond of Koontz as constable, for wrongfully releasing property seized under a writ of attachment in favor of the relator, O'Bryan. It appears that the constable had levied the writ of attachment on certain personal property and that third persons had claimed to

own the same. The constable then demanded from the attaching creditor an indemnifying bond, and upon the failure of the attaching creditor to furnish such a bond the constable released the attached property  Hence the suit. The trial court sustained a demurrer to the answer setting up the facts to be as stated, and the correctness of that ruling was the question in judgment in that case. After a learned and exhaustive discussion of the rights of an officer at common law, to demand an indemnifying bond, in the absence of the statutory authority so to do, the conclusion was reached that such rights as existed at common law did not obtain in this State as to a constable, for the reason that justices of the peace in this State have no common law jurisdiction; that the right of a constable to demand an indemnifying bond exists only by virtue of the statutes of this State, and that the statutes of this State, being now section 4043, Revised Statutes 1899, gave a constable no power or authority to demand an indemnifying bond before levying a writ of attachment, but where the property is claimed by a third person the statute limits the right of a constable to demand such a bond to cases where the property is levied on under an execution, and that in all other cases the officer must make the levy or not at his own peril, being liable to the injured party for whatever damages he may suffer by reason of the levy or the refusal to levy the attachment.

Such is the strict letter of the statute of this State above quoted, and the defendants insist that they shall be judged by the strict letter of the law. It is claimed by the defendants that while justices of the peace have jurisdiction in attachment cases, and whilst section 3890, Revised Statutes 1899, makes the provisions of the law governing attachments in courts of record apply to attachments before justices of the peace, so far as they may not be inconsistent with the provisions

which are especially applicable to the latter, with certain exceptions noted, the general statutes in reference to attachments in courts of record make no provision for an officer demanding an indemnifying bond before he serves the writ of attachment, but that the remedy of a third person who claims the property attached is under section 417, Revised Statutes 1899, to interplead in the cause for the property or to replevin the property or to sue the officer on his bond or to sue the attaching creditor for damages.

The learned judge who wrote the opinion of the Court of Appeals in this case, as well as the learned commissioner who wrote the opinion of this court in the Koontz case, pointed out that this condition was a *casus omissus* of the Legislature to provide for an indemnifying bond, and such seems to be the fact. In this connection and as emphasizing this view, it is interesting to note that the special acts of 1855, 1858-9, specially applicable to the city of St. Louis, to be found in the appendix to Revised Statutes 1899, vol. 2, page 2550, authorize a sheriff, marshal, constable or duly authorized officer, to demand an indemnifying bond from a plaintiff where the property levied upon under any execution or attachment is claimed by a third person, and require the third person to sue on the indemnifying bond, and exempt the officer from liability unless the sureties on the indemnifying bond are adjudged insufficient. This statute being local to St. Louis is not applicable to the plaintiff in this case, but it emphasizes the fact that the failure to provide a similar remedy throughout the whole State is a *casus omissus* of the Legislature.

The crucial question in this case is whether the facts in the case at bar differentiate this case from the decision of this court in the Koontz case. The St. Louis Court of Appeals aptly pointed out that the decision in the Koontz case is not decisive of the case at bar, for

the reason that in the Koontz case the constable released the attached property because the attaching creditor refused to give an indemnifying bond, and that the writ in that case was a writ of attachment and not an execution issued upon a final judgment, whereas in the case at bar the writ was an execution issued upon a final judgment, in an attachment suit it is true, and that this case, therefore, falls within the strict letter of section 4043, Revised Statutes 1899. It will be remembered that when the writ of attachment was levied in this case there was no claim made by any third person for the property. The attachment suit proceeded to final judgment without such a claim being asserted. Eiseman never filed any claim or notice with the constable until after the execution had been levied on the property. Hence the case fell within the letter and spirit of sction 4043. Then upon a demand of the constable, the defendant Rogers, the plaintiff in the execution, executed the indemnifying bond sued on, which recites the fact that judgment had been entered in favor of Rogers against Lewis, and execution had been issued thereon and levied on the property, and that Eiseman had filed his claim therefor, and contracted and agreed to hold the constable, or any person, harmless against all damages and costs, which he or they might sustain in consequence of the seizure or sale under such levy. Thus the case at bar is completely differentiated from the facts in judgment in the Koontz case, and the facts in this case bring the case clearly within the provisions of section 4043, Revised Statutes 1899, and the bond is therefore a valid bond, and the defendants are liable thereon unless some of the other defences interposed by them are adjudged tenable. There is no conflict between the decision of the St. Louis Court of Appeals in this case and the decision of this court in the Koontz case, upon the facts in judgment in the two cases.

## II.

The second contention of the defendants is that the execution in this case was a special execution based upon a judgment in attachment where the defendant in the attachment suit was brought into court only by constructive notice, and therefore no general judgment could be rendered against him, and hence section 4043 does not apply, because that section contemplates an execution issued upon a general judgment rendered upon personal notice. This contention is untenable. The language of section 4043 is, "If a constable levy an execution," etc. No distinction is made in that section between a general and a special execution. Section 4032, Revised Statutes 1899, provides that "upon every judgment rendered by the justice of the peace, execution shall be issued by such justice, in the manner hereinafter prescribed, as soon as the judgment is rendered," etc. Sec. 3151, Revised Statutes 1899, relating to executions upon judgments of courts of record, provides: "The party in whose favor the judgment, order or decree is rendered, may have an execution in conformity therewith." Thus, neither section 4032 nor 3151 refer especially to either general or special executions, but use the general terminology, "execution," the same as is used in section 4043. An execution is thus defined: "A writ of execution is the process by which a court carries out its judgment. . . . Execution is used to mean a process for the enforcement of the payment of a judgment, for money recovered in a civil action, out of the property of the judgment debtor." [8 Enc. of Pl. and Pr., p. 311]. The same author, at page 390, defines the difference between general and special executions, as follows: "A special execution is one that directs a levy upon some specific property, while a general execution is one that makes no such requirement,

but demands a levy upon the debtor's property generally." A further distinction between a special and a general execution is to be found in the fact that ordinarily a special execution issues only in proceedings where the defendant has not been brought into court by personal service of process, but his property has been seized, and hence the execution to satisfy the judgment is limited to the specific property seized, though by statute there are cases where even when the defendant is personally brought into court, the judgment is a special one against certain property belonging to the defendant, and in such cases no general judgment is entered; whereas a general execution, which may be levied upon any property the defendant owns, follows a general judgment based upon personal service. But under section 4043, Revised Statutes 1899, there can be no just or proper distinction drawn between the levy of a special and of a general execution. In either case if the property is claimed by a third person the officer is entitled to demand the indemnifying bond provided for by that section.

## III.

The next contention of the defendant is that there had been no levy of the execution when the indemnifying bond was executed, but that the property was *in custodia legis,* having been seized under the writ of attachment. This contention is not available to the defendants, for the reason that the indemnifying bond recites the fact that the constable had levied the execution prior to the execution of the indemnifying bond. The defendants are, therefore, estopped from claiming that there had been no levy. [Hundley v. Filbert, 73 Mo. 34; State ex rel. v. Williams, 77 Mo. 463; Brewing Co. v. Niederweiser, 28 Mo. App. 233; State ex rel. v. Goodhue, 74 Mo. App. l. c. 166.]

## IV.

The last contention of the defendants is that the indemnifying bond describes the property levied on as a certain ten-horse steam engine and boiler known as Birdsall engine and boiler, whereas the property actually seized was a ten-horse boiler and engine known as a Russell engine, and it is urged, especially on behalf of the surety, that his contract was to hold the constable, or any other person, harmless against damages for the sale of a Birdsall engine and not of a Russell engine. It is admitted that there was only one engine levied on and only one engine about to be sold by the constable under the judgment on the attachment in the case of Rogers v. Lewis, when the indemnifying bond was given, and that the defendant Rogers received the proceeds of the sale of that engine.

Of this contention it might be sufficient to say that no such issue was raised by the answer of the defendants in this case, and that the notice of claim, the indemnifying bond, the cause of action filed in the attachment suit by Rogers against Lewis and the return of the constable on the writ of attachment, all describe the engine and boiler as a Birdsall engine. The execution issued in the attachment suit described the engine as a Russell engine, but there was no objection made by the defendants to the introduction of the execution in evidence on that ground. Aside from this, however, there is no merit in the contention, for there is no room for doubt that there was but one engine levied on under the attachment writ and directed to be sold by the special execution, and that was the same engine that was claimed by Eiseman, and for the sale of which the defendants agreed to indemnify the officer. The property levied on and sold is the same. The only mistake was in the name of the maker of the engine referred to in the execution.

For the foregoing reasons the judgment of the circuit court is reversed and the cause remanded to that court, with the directions to retry the case in conformity with the principles herein announced.

All concur.