JAMES M. RAPER, ROBERT L. ATWOOD, and CHARLES H. CARTER, Respondents, v. JAMES W. LUSK, W. C. NIXON, and W. B. BIDDLE, Receivers of the ST. LOUIS and SAN FRANCISCO RAILROAD COMPANY, Appellants.

Springfield Court of Appeals, January 28, 1916.

1. COMMON CARRIERS: Duty to Furnish Cars for Shipping: Statutory Liability for Failure: Common-Law Liability. Ac-

tion by prospective shippers against defendant railroad because of failure to furnish cars for shipping, plaintiff's having made verbal demand for same. Although written notice was not given as required by section 3108, Revised Statutes 1909, as a condition precedent to recovering the statutory penalty thereunder, yet recovery may be had for breach of the road's common-law duty to furnish cars, since section 3116, Revised Statutes 1909, keeps alive such common-law right of action and there is no conflict between the provisions of section 3108 and the common law.

2. **STATUTES: When Effect Repeal of Common Law.** Statutes that repeal former statutes or the common law must do so either in express terms or by necessary implication.

3. **ACTION: Common Law: Statutory: Concurrent Actions.** Where an affirmative remedy is given by statute for a matter which was actionable at common law, no express or implied negative being contained therein, action may be brought at common law as well as under the statute.

4. **CARRIERS: Failure to Furnish Cars for Shipping: Remedy of Shipper.** Section 3108, Revised Statutes 1909, neither supersedes nor abrogates the common-law right of action against a common carrier for failure to furnish cars within a reasonable time upon verbal notice.

Appeal from Butler County Circuit Court.—*Hon. J. P. Foard,* Judge.

AFFIRMED.

*W. F. Evans, Moses Whybark* and *A. P. Stewart* for appellants.

*Sheppard & Sheppard* and *Leslie C. Green* for respondents.

FARRINGTON, J.—This is a suit by the respondents against the receivers of the St. Louis and San Francisco Railroad Company for damages growing out of a failure of the railroad company to furnish the respondents with cars on which to ship lumber from certain stations on its line of railway. The petition is in three counts, all of which are the same except as to different quantities of lumber which plain-

tiffs wished to ship from several stations on this railway. The petition recites that the plaintiffs notified the railroad company's station agents at the several stations and demanded cars to be furnished on which to load and ship the lumber.

There was a judgment for the plaintiffs on the three counts, and the whole question to be determined in this case involves a construction of section 3108, Revised Statutes 1909. It is admitted that no written notice, as required by this statute, was ever given to any of the station agents by the plaintiffs. The petition does not attempt to recover damages under this statute, but states a cause 'of action on the theory that a railroad company still owes to shippers the common-law duty of furnishing cars and will be liable for the common-law measure of damages in the event of a failure to furnish cars which failure causes the proposed shipper a loss.

The appellants contend that the section of the statute above-mentioned has superseded the common-law in this State as to the duties and liabilities of carriers and that a carrier cannot be held for any damages whatever in the absence of a compliance with this statute on the part of a proposed shipper claiming damages.

The respondents take the position that this statute is a cumulative enactment, and that independent of such statute they have their common-law right of action left them on which they seek to recover in this case.

We are of the opinion that the contention made by the respondents should be sustained, for, on turning to section 3116, Revised Statutes 1909, in the same chapter and article, section 3108 is declared to be a supplemental law, and further that it is not intended to repeal, modify or affect any law concerning the shipment, transportation or delivery of any kind of freight without unnecessary delay, or within a reasonable time, *or any*

*other law* concerning common carriers now in force unless in direct conflict therewith.

Section 3116 would, undoubtedly, expressly keep the common-law right of action in these plaintiffs alive unless there can be found in section 3108 something that is in direct conflict with the common law. On reading section 3108 it will be observed that a penalty is prescribed, in addition to the common-law measure of damages, where the application for cars has been made in writing and there has been a failure on the part of the carrier to furnish cars within the time named. There is nothing in that section that conflicts with the common-law remedy.

Statutes that repeal former statutes or repeal the common law must do so either in express terms or by necessary implication. Such implication will arise where to permit both rights and remedies to exist would bring about a conflict. There is another way in which a statute is said to supersede the common law or a former statute, and that is where the new statute undertakes to cover the whole field. [State of Missouri v. Dalton and Fay, 134 Mo. App. 517, 114 S. W. 1132.] But, as hereinbefore shown, section 3108 is declared by the Legislature in section 3116 to supplement the existing laws rather than to supersede them.

It is held in a number of cases in this State that if a statute gives a remedy in the affirmative without containing any express or implied negative for a matter which was actionable at common law, such statute does not take away the common-law remedy but· the party may sue at common law as well as upon the statute. [Hickman v. City of Kansas, 120 Mo. 110, 25 S. W. 225; City of St. Louis v. Hollrah, 175 Mo. 1. c. 84, 74 S. W. 996; Markowitz v. Kansas City, 125 Mo. 485, 28 S. W. 642.]

Our attention is called by appellants to the case of Pennington & Evans v. Railway Co. (Ga. App.),

60 S. E. 485, wherein an Act of the Legislature, providing for the written notice on the part of a shipper to furnish cars in order to be entitled to damages for a failure to furnish them, was held by the court to provide an exclusive remedy for such failure and that the common law had been superseded.    In the entire scope of that opinion, however, it does not appear that the Legislature of that State had declared such act to be a supplemental act, and it does appear in the opinion that the Legislature under the Steed Act, as in the Interstate Commerce Act, lodged the power primarily in the Railroad Commission to pass upon the claim. Under our Act, section 3117, Revised Statutes 1909, invested our Railroad and Warehouse Commissioners with authority to enforce the provisions of section 3108 as well as retaining in the courts the jurisdiction to allow damages growing out of a failure to comply with section 3108.

We have statutes somewhat similar to section 3108 governing telegraph and telephone companies. (Sections 3330 and 3334, Revised Statutes 1909.)    And it has been held in the case of McCarty v. Western Union Tel. Co., 116 Mo. App. 441, 91 S. W. 976, that section 1259 Revised Statutes 1899, now section 3334, Revised Statutes 1909 (with an amendment which does not affect the question here) is not the exclusive remedy for negligence of the servants of a telegraph company in transmitting messages, as it is held in that opinion (p. 446) that independent of any statute the defendant is liable at common-law for such damages as are fairly and substantially caused by the negligence of its servants in the transmission of messages.

We therefore hold that section 3108, Revised Statutes 1909, does not supersede or abrogate the common-law right of action against a common carrier for a failure to furnish cars within a reasonable time upon a verbal notice and was never intended to relieve the

carrier of liability when it wholly fails to furnish any cars upon a verbal notice as it did in this case.

The judgment is affirmed.

*Robertson, P. J.,* and *Sturgis, J.,* concur.