THE STATE OF MISSOURI, AT THE RELATION AND TO THE USE OF HOWARD KENNEY, WILBUR M. KENNEY, OLIVE KENNEY WALL, JOSEPH KENNEY, WALTER KENNEY, LULU KENNEY, BRYAN KENNEY, PHILLIP KENNEY, AND WILLIAM A. DIEMER, ADMINISTRATOR OF THE ESTATE OF EDITH KENNEY SHIERSON, DECEASED, AND JAMES WHISTON, CURATOR OF THE ESTATE OF PAUL KENNEY AND VIRGINIA KENNEY, MINORS, RESPONDENTS, v. WILLIAM P. JOHNSON, MADISON NELSON, DEFENDANTS; CHARLES R. TATE, ADMINISTRATOR OF THE ESTATE OF CICERO B. WHITAKER, DECEASED, APPELLANT.— 68 S. W. (2d) 858.

St. Louis Court of Appeals. Opinion filed March 6, 1934.

*Chester R. Grove, Walter M. Hilbert* and *Lane B. Henderson* for appellant.

*Hulse & Hulse* and *Mahan, Mahan & Fuller* for respondents.

18

HOSTETTER, P. J.—This suit was instituted on April 14, 1932, in the Circuit Court of Marion County, being a suit by beneficiaries of a trust fund against the trustee and sureties on his bond. The venue was subsequently changed to the Circuit Court of Audrain County, where, upon a trial, the plaintiffs prevailed and the cause is here in this court by appeal for review.

The facts are as follows: John Hefflebower, a resident of Washington County, Maryland, died testate and his will was probated in the State of Maryland on March 10, 1903. The will contained *inter alia* the following clause:

"4th. I give and bequeath to my said nephew, Wilbur F. Jacobs, the further sum of Fifteen Hundred Dollars ($1500.00), in trust, to be invested by him and the income thereof to be paid to my niece Sarah Kinney, for and during her life, and at her death to divide the principal ($1500) among her children surviving and the children of any deceased child or children of hers, *per stirpes* and not *per capita.*"

This will was never proved or recorded in Marion County, Missouri, prior to the date of the institution of this suit.

Sarah Kinney (whose name and the names of her children were spelled "Kenney") died on or about December 9, 1928. The plaintiffs are her surviving children and representatives of a deceased child, who are seeking to recover in this action the sum of $1774.85, being the amount of the principal of the trust estate, from William P. Johnson, the last trustee, and Madison Nelson, one of his sureties and Charles R. Tate, administrator of the estate of the other surety, Cicero B. Whitaker, deceased. This administrator alone is prosecuting this appeal.

The bond sued on is as follows:
"Bond of Trustee.

"We, William P. Johnson of the City of Palmyra, County of Marion and State of Missouri, and Madison Nelson and Cicero B. Whitaker, of said County of Marion and State of Missouri, as sureties, are held and firmly bound unto the State of Missouri for the use of Sarah Kinney, for and during her life and at her death to divide the principal among her children surviving, and the children of any deceased child or children of hers, *per stirpes* and not *per capita,* in the sum of Two Thousand Five Hundred ($2500) Dollars, the payment whereof well and truly to be made we bind ourselves, our heirs, executors, administrators and assigns jointly and severally, firmly by these presents.

"The condition of the above bond is, that if the said William P. Johnson, as trustee, of the trust estate left by John Hefflebower in his will for the use and benefit of Sarah Kinney and her heirs, shall faithfully care for and preserve the said trust estate, and carry out the provisions of said will, account for, pay and deliver all money and property of said estate, and perform all other things touching said estate as required by law, or the order and decree of the Marion County Circuit Court in the administration of said trust estate, then the above bond be void, otherwise to remain in full force and effect.

"Dated at Palmyra, Missouri, March 13, 1920.
"WILLIAM P. JOHNSON,
"MADISON NELSON,
"CICERO B. WHITAKER."

Wilbur F. Jacobs, a resident of Marion County, Missouri, being the trustee named in the will, appeared with his attorney in the Circuit Court of Marion County on the 24th day of November, 1903, and filed with the clerk of the court a certified copy of the will of John Hefflebower and filed his bond as trustee in said court, which bond was by the court approved and the trust estate was administered by said circuit court while Wilbur F. Jacobs was trustee until his resignation, which was in September, 1906. Thereupon the circuit court appointed as his successor, Daniel Boone, who likewise qualified by giving bond, which was approved by the court, and the trust

estate was then administered in said court until February 20, 1920, when he filed his final report and resigned.

The record of the circuit court shows further that the life beneficiary, Sarah Kinney, filed in the court her consent in writing to the resignation of Daniel Boone and requested the appointment of his successor, William P. Johnson, who was thereupon appointed trustee by the court on the 13th day of March, 1920, and qualified as such trustee by executing the bond hereinbefore set out (which was approved by the court) and took charge of the estate and charged himself with the *corpus* of the trust fund in his first annual settlement, having received it from Daniel Boone, his predecessor.

William P. Johnson continued to administer the trust fund under the auspices of the Circuit Court of Marion County, Missouri, until his final settlement was made on March 27, 1931, in which the court found a balance due in his hands of $1774.85 and ordered the same to be paid by said trustee into the hands of the clerk of the court for the benefit of the beneficiaries. This, he failed to do, hence this suit.

Appellant makes several assignments of error, but, boiled down, they all relate to the same question, the solution of which is the determinative factor in disposing of this appeal.

It is appellant's contention that the bond sued on is a *nudum pactum*, and the obligors not bound thereon for the alleged reason that the Circuit Court of Marion County, Missouri, had no jurisdiction of the trust estate either to control the administration of same or to exact or approve the bond of defendant, William P. Johnson, the trustee, or the bond of either of his two predecessor trustees.

He bases his contention on the following two sections of the Missouri statutes, viz.:

"Section 3138. Trustee to give bond, unless, etc.—Every trustee appointed or who may be appointed, by any last will, deed or other instrument of writing, to hold, manage or dispose of any property or estate, real, personal or mixed, for the use or benefit of any other person, may be required by the circuit court of the county in which any such will shall be proved and recorded, or in which such deed or instrument of writing shall be recorded, to give bond, in such sum and with such securities as the court shall direct, conditioned for the faithful execution of the trust, unless the will, deed or other instrument of writing creating such trust, shall, in express terms, dispense with security."

"Section 3147. Court to have jurisdiction, when.—If the circuit court of the county, in which a will disposing of an estate has been proved or recorded, shall for such estate appoint a trustee to succeed another therein, who has become disqualified to act, resigned or died, then that court, in the proceedings wherein the appointment was

made, shall have jurisdiction over such trustee, trust estate and the beneficiaries thereof as to all matters relating to the administration of said trust until terminated; and said court on its own motion, or upon notice and motion by the trustee or any beneficiary thereof, may in its discretion make orders therein necessary to conserve the estate or to cause the same to be properly administered.''

Section 3138 was in existence in its present form prior to the genesis of this trust estate, and Section 3147 was enacted in 1911.

Section 22, Article 6 of the Constitution of Missouri provides *inter alia,* that circuit courts shall have ''exclusive original jurisdiction in all civil cases not otherwise provided for.''

Under the provisions of Section 645, Revised Statutes of Missouri, 1929, the common law of England and the statutes and acts of the British Parliament of a general nature, in force prior to the fourth year of the reign of James the First, in so far as they were applicable to our situation and not repugnant to our basic law or abrogated by our statutes, became a part of the laws of Missouri. This condition has existed since January 16, 1816.

Under the common law, courts of equity had the inherent right and power to exercise jurisdiction over trust estates, which, of course, carried with it the right to appoint trustees, take and approve bonds, supervise the administration of the trust estate by the trustee and to make all orders necessary for the preservation and conservation of the trust property for the use and benefit of the beneficiaries.

This jurisdiction has been recognized and aptly referred to by many of our courts as an ancient head of equity jurisdiction. [Brandon v. Carter, 119 Mo. 572, 24 S. W. 1035; State ex rel. v. Muench, 217 Mo. 124, 117 S. W. 25.]

Now it follows that our circuit courts being courts of general jurisdiction and possessing equity powers under the common law and possessing inherent power and jurisdiction over trust estates and the administration thereof, could not be ousted from such jurisdiction except by express legislative enactment.

The question to be determined is the effect of the enactment of said Sections 3138 and 3147, Revised Statutes of Missouri, 1929, on the common law inherent rights of equity courts to exercise jurisdiction over trust estates created by wills.

Under the common law inherent jurisdiction possessed by circuit courts over the subject-matter of trust estates and administration of same, we hold that inasmuch as Wilbur F. Jacobs, the original trustee named in the will, was a resident of Marion County, Missouri, and the *corpus* of the trust fund was transmitted to him and in his possession and the life beneficiary was also a resident of Marion County, Missouri, all within the territorial limits of said circuit court and a certified copy of the will creating the trust filed in that court, that said circuit court possessed full and adequate jurisdiction to appoint

him as trustee and to exact and approve his bond as trustee and to supervise the administration of such trust estate.

The two statutes do not purport to interfere with or abrogate any of the common law inherent jurisdiction of circuit courts over trust estates and the administration thereof. They do not purport to cover a case like the one which the Circuit Court of Marion County, Missouri, dealt with when it accepted the bond of Wilbur F. Jacobs, the original trustee named in the foreign will. The trustee, the trust fund, and the beneficiary were all within the territory over which the Circuit Court of Marion County, Missouri, had jurisdiction. If that court had no jurisdiction then no court had jurisdiction, and this would be unthinkable.

Equity does not countenance the failure of trusts, and may take all needful steps to prevent same. [Morrow v. Morrow, 113 Mo. App. l. c. 455, and cases there cited, 87 S. W. 590; 39 Cyc. 277.]

Neither of the two sections of the Missouri statutes relied on by appellant cover a case like that which was acted upon by the Marion County Circuit Court in 1903. These two sections cover cases where the will creating the trust has been *proved* or *recorded* in the county and do not by express words or by implication curtail or attempt to curtail the inherent power of the circuit court to exercise its common law jurisdiction over trust estates and the administration thereof.

As we construe these two sections they are regulatory merely and designed to avoid confusion as to which circuit court shall take jurisdiction of trust estates by providing that the circuit court of the county wherein the will creating the trust is proven or recorded shall take jurisdiction.

The further legislative intent, no doubt, was to provide for the proving and recording of the will creating the trust in the county where the trust estate was being administered, so as to make the terms and provisions of the trust convenient and available to those interested therein. This purpose was subserved by the filing of a certified copy of the will in the circuit court where it first took cognizance of the trust estate and approved the bond of Wilbur F. Jacobs, the original trustee named in the will.

Bearing in mind the provision found in Section 2 of Article 6 of the Missouri Constitution that circuit courts shall have "exclusive original jurisdiction in all civil cases not otherwise provided for," and that the two sections above set out purport to deal with a trust created by a will where the will is proved or probated in a county, and does not deal with a trust such as we have in the *instant* case, we can properly and correctly say that the trust in this case in so far as jurisdiction to control the administration of same is not provided for by statute and therefore by the express terms of this section of the Constitution the circuit court still has jurisdiction, and the Marion County Circuit Court is the particular circuit court which

has jurisdiction because the trustee, the *corpus* of the trust fund, and the beneficiary were all within the territorial limits of that court, and in addition thereto the trustee and sureties voluntarily submitted themselves to the jurisdiction of said Marion County Circuit Court.

There are many highly respectable authorities which hold that a bond voluntarily entered into, though not authorized by any statute, is valid and enforcible as a common law obligation where it does not conflict with public policy or contravene any statute. [State ex rel. McKown v. Williams, 77 Mo. 463; State to Use v. Farman, 54 Mo. 439; County of Moniteau ex rel. v. Lewis, 123 Mo. App. 673, l. c. 675, 100 S. W. 1107; Smith ex rel. v. Rogers, 191 Mo. 334, l. c. 345, 90 S. W. 1150; Jackson Exchange Bank v. Russell, 181 Mo. App. 698, 164 S. W. 694; Barada et al. v. The Inhabitants of Carondelet, 8 Mo. 644, l. c. 649; 9 C. J. p. 27, sec. 41; State to Use v. Cochrane, 264 Mo. 581, 175 S. W. 599; State v. O'Gorman, 75 Mo. 370; State ex rel. Saline Co. v. Sappington, 67 Mo. 529; Williams v. Coleman, 49 Mo. 325; Selmes v. Smith, 21 Mo. 526; State v. Thomas, 17 Mo. 503; Gathwright v. Callaway County, 10 Mo. 663; Fellows v. Kreutz, 189 Mo. App. 547, 176 S. W. 1080; Lionberger v. Krieger, 88 Mo. 160; Burton Machinery Co. v. Ruth et al., 196 Mo. App. 459, 194 S. W. 526.]

The conclusion we have reached, that the Circuit Court of Marion County, Missouri, had jurisdiction and that the bond sued on is enforcible against the obligors, finds support in the following cases: Sec. 645, R. S. Mo. 1929 (7 Mo. Stat. Ann. 4894); 39 Cyc. (II), sec. 3, p. 277; Brandon v. Carter, 119 Mo. 572, 24 S. W. 1035; Rothenberger v. Garrett, 224 Mo. 191, 123 S. W. 574; Robinson v. Crutcher, 277 Mo. 1, l. c. 9, 209 S. W. 104; McManus v. Park, 287 Mo. 109, 229 S. W. 211; Morrow v. Morrow, 113 Mo. App. 444, 87 S. W. 590; Buckley v. Monck (Mo.), 187 S. W. 31; Holman v. Renaud, 141 Mo. App. l. c. 404, 125 S. W. 843; Raper v. Lusk et al., 192 Mo. App. 378, 181 S. W. 1032.

We do not deem the case of State ex rel. McManus v. Muench, 217 Mo. 124, cited by appellant, militates against the soundness of the conclusion which we have reached in disposing of this appeal, but when properly analyzed lends support to it.

It is therefore ordered that the judgment of the trial court be and the same is accordingly affirmed. *Becker* and *McCullen, JJ.*, concur.