ACADEMY OF THE VISITATION, Defendant in Error, *v*. JAMES B. CLEMENS *et al.*, Plaintiffs in Error.

1. *Equity — Trusts — A charitable devise will be carried into effect by a court of equity according to its intent.* — The jurisdiction of courts of equity over charitable devises and bequests is derived from their general authority to carry into execution the trusts of a will or other instrument according to the intention as expressed by the donor; and if the charity cannot be carried out in the exact mode indicated by the donor, or if that mode should become by subsequent circumstances impossible, the general object is not to be defeated if it can in any other way be obtained.

2. *Equity — Charitable bequests of lands intended to last forever cannot be defeated by the heirs at law of the donor.*—Where lands are vested in a corporation by devise for charitable purposes, and it is contemplated by the donor that the charity should last forever, the heirs can never have the lands back again. If it should become impossible to execute the charity as expressed, another charity will be substituted by the court so long as the corporation exists.

*Error to St. Louis Circuit Court.*

*T. T. Gantt*, for plaintiffs in error.

I. The petition showed no equity in the plaintiffs to have the legal or equitable title of defendants divested out of them in favor of plaintiff.

II. The petition leaves it doubtful whether its object is not to call on defendants to say what they think of the proposed action of plaintiff, and to say beforehand what they will do about it.

III. The petition calls directly on a court of equitable jurisdiction to commit an act of spoliation and aid a trustee to commit a breach of trust by appropriating and wasting the trust fund.

IV. The doctrine of *cy-pres* cannot be applied here. This is not a case where, the actual and precise performance of the condition being impossible, a court of equity is prayed to prevent a forfeiture by permitting a substantial performance. There is no impossibility at all in doing what was the condition of this devise. Nothing hinders the establishment for all time on the land devised. Such a house is there now. To keep it there may be onerous, but it is an affront to common sense to call it impossible. When the trustee seriously asks the court to assist him in disregarding the fundamental provision, to permit him to sell the land on which the establishment was to remain forever, and to appropriate the proceeds to a scheme which, however meritorious, is not what the testatrix intended to promote, it would seem that if the court grant his prayer it (the court) is assuming the office of the will-maker, and disposing of that to which it has no earthly title.

V. The putting up of the buildings and improvements on the land was either in conformity to the trust imposed on the devise or it was not. If it was not, then the erection of them was at best exceedingly indiscreet; for, as it left a debt of more than $100,000, which, as it would appear, the plaintiff has no means of discharging, either its creditors must suffer or the trust fund be swept away by a waste of it; which can scarcely escape the imputation of dishonesty, unless the plea of incapacity to act rationally be interposed and maintained. If the buildings and improvements were such as were in conformity with the trust, the case is scarcely altered for the better.

The trustee and the corporation were bound, before accepting the trust, to count the cost. They must be supposed to have done so unless their conductors were irrational. Unless they were willing and able out of other funds to provide for the performance of the condition on which the devise was made, it was their duty to refuse the devise. It would in that case have gone to the heirs of Mrs. Biddle, or have passed to her residuary devisee.

*A. Hamilton*, with whom was *A. J. P. Garesche*, for defendant in error.

The court is only asked to administer the trust upon principles peculiar to equity. Any variation or modification of the trust which this may necessitate will be the result of circumstances beyond the control of the plaintiff.

A court of equity has the power to modify or mold this trust to the altered condition of things as stated and proved. (Tiff. & Bull. Trusts, 388; Stanley v. Cobb, 5 Wall. 119; Curtis v. Brown, 29 Ill. 201; McIntire v. Zanesville, 17 Ohio St..352, 363; Allen v. Graves, 3 Bush, Ky., 491; Conkling v. Washington University, 2 Md. Ch. 505; Parke's Charity, 12 Sim. 279; Att'y-General v. Newark, 8 Bligh, N. S., 457; Ashton Charity, 22 Beav. 288; Overseers v. Bierlow, 13 Eng. Law & Eq. 145.)

The defendants have an interest in this property, which it is prayed may be divested out of them. But for what purpose and how? By a sale, the proceeds not to be paid to the plaintiff, but to be applied, under the direction of the court, for the benefit of the balance of the trust property; that is to say, upon the old foundation, and therefore only in execution of the trust. A sale could be had under the decree of the court, and, as will be seen, was in fact so ordered, without any divestiture in terms and with the same effect precisely. But if the prayer were wrong in this or in any other particular, it will be remembered that that is not ground of demurrer.

There is an indebtedness of the plaintiff of $127,000 which was incurred in the due and faithful execution of the trust, as stated in the petition, which greatly embarrassed the institution, and there are no other means than a sale, as prayed for, of satisfying this indebtedness. It is not pretended that this outlay was injudicious or unreasonable, nor is it denied that it has increased the value of the property to the full extent of the money expended. The condition in this case is subsequent. A mere failure to perform such a condition does not divest the estate. (Niccoll v. E. R.R. Co., 2 Kernan, 131.)

It was not claimed that there was a forfeiture, or that there had been any entry for condition broken. But performance was averred in the petition and was proved on the trial. The effect of this performance was to put the plaintiff substantially in the

position of a purchaser for value; but however this may be, this property cannot revert to the heirs of the testatrix. Every effort will be made by the court to enforce and administer the trust as far as practicable. (Stanley v. Colt, 5 Wall. 165.

ADAMS, Judge, delivered the opinion of the court.

Mrs. Ann Biddle by her last will and testament devised to Peter Richard Kenrick, Bishop of St. Louis, tract A, as designated on the plat of partition among the heirs of John Mullanphy, being the third tract west of Eighteenth street, in St. Louis, containing twelve and a half acres of land. It is the same tract now the site of the Academy on Cass avenue. The devise to Bishop Kenrick was in trust to found and establish upon the property so devised, *forever*, a house of the order of the Ladies of the Visitation of St. Mary, to be commenced within five years after the death of the testatrix, and to be under the control of that branch of the order then occupying the house of said testatrix, in block No. 556 of the city of St. Louis. The ladies of the order under whose charge it was to be placed subsequently were incorporated, and the present suit is in their corporate name. By their charter the Bishop was expressly authorized to convey to them the property thus derived, and did so. The heirs of Madame Biddle (she left no residuary legatee) are made parties to this suit, except such as have released any supposed right they may have in the premises, some of whom have done so since the commencement of this suit.

By the encroachment of the city upon the property it has become necessary to open a street through it, which will cut off several acres of the land from that part of the grounds on which the Academy has been erected. In accordance with the terms of the devise, an academy was erected and improvements made at an expense of some \$175,000, of which \$100,000 remains as a debt against the corporation.

The petition in substance alleges that by cutting off the part of the site referred to, it will be entirely useless for the purposes of the charter, unless it can be sold and the proceeds of sale appropriated to the purposes intended by the testatrix; that by selling

Academy of the Visitation v. Clemens et al.

it and appropriating the proceeds of sale to payment of the debt, etc., it will be carrying out what the testatrix would do if alive.

The defendants demurred to the petition, and the demurrer being overruled, they answer, raising the same questions by way of answer; at least the same questions arising on the trial were presented by the demurrer, as the evidence established the facts as stated in the petition.

The jurisdiction of courts of equity over charitable devises and bequests is said to be derived from their general authority to carry into execution the trusts of a will or other instrument, according to the intention as expressed by the donor. (2 Sto. Eq. Jur., § 1187; Attorney-General v. Ironmongers' Company, 2 Mylne & Keen, 581.) In this case the charity is specific and for a lawful purpose. Bishop Kenrick was the original trustee. The plaintiff was created a corporation with a power to receive the trust, and did so by conveyance from Bishop Kenrick. This charity must be administered in accordance with the intentions of the testatrix as declared in her will. Unforeseen circumstances have transpired which isolate a part of the grounds and render them totally unfit for the purposes designed by the testatrix. But the corporation has, in furtherance of the trust, expended large amounts of money and is still in debt; and a sale of this property, and application of the proceeds to the payment of this debt, will be in furtherance of the very purpose for which this charity was created. Has not a court of equity the power to authorize this conversion? (See Stanley v. Colt, 5 Wall. 119.) If it be necessary, the doctrine of *cy-pres* may be invoked to sustain the application. (2 Sto. Eq. Jur., § 1176.) That doctrine is that if the charity cannot be carried out in the exact mode indicated by the donor, or if that mode should become by subsequent circumstances impossible, the general object is not to be defeated if it can in any other way be obtained. (Att'y-General v. Boulther, 2 Ves. 380, 387; s. c., 3 Ves. Jr. 220; Attorney-General v. Ironmongers, 2 Mylne & Keen, 576–88; 2 Bean, 313; Martin v. Maugham, 14 Simons, 230.)

The defendants, as heirs at law of the donor, cannot be allowed to defeat this application. In no event would a court of equity

allow this charity to be defeated by a reversion of this land to the heirs at law. Where lands are vested in a corporation, as these are, and it is contemplated by the donor that the charity should last forever, the heirs never can have the lands back again. If it should become impossible to execute the charity as expressed, another similar charity will be substituted by the court, so long as the corporation exists. (2 Sto. Eq. Jur., § 1177; Att'y-General v. Wilson, 3 Mylne v. Keen, 362.)

The defendants, however, are proper parties in interest, and are brought before the court in order that a clear and indefeasible title may be made to the purchasers.

Judgment affirmed. The other judges concur.