———o———

ELIZABETH GOODE, *et al.*, Plaintiff in Error, *vs.* JESSE MC-
        PHERSON, *et al.*, Defendant in Error.

1. *Donations to charitable uses—Cannot be recalled.*—A Testator donated cer-
tain lands to the Methodist Episcopal Church south. A church built thereon
having burned down—*Held*, that his heirs could not reclaim the lands.

### *Error to Adair Circuit Court.*

*Ellison & Ellison,* for Plaintiff in Error.

If the use limited by deed expire and cannot vest, the use reverted back to the grantor who created it. (4 Kent, 298, 126, 125; 5 Pick, 528; 11 Paige, 414; 13 Ills., 465; 11 Ills., 339; 5 Gray, 17; 5 Allen, 540; 21 Peck, 215.) The congregation should have built upon the lots within a reasonable time. (2 Met., 495; 5 Peck, 528.)

*Harrington & Cover,* for Defendant in Error.

The deed is not conditional and the court properly declared the law.

A deed in trust and confidence is not conditional. (Bacon's Ab. Vol. 2, p. 280.)

If the title is to revert to the orginal grantor the face of the deed must show a condition to revert. (11 Ills., 336.)

The courts have always given such a construction to a deed of lands for charitable purposes, as will sustain and carry out the charitable intention. (Story's Equity Jurisprudence, 6th Edition Vol. 2, page 595, §§ 1168, 1169.)

ADAMS, Judge, delivered the opinion of the court.

This was an action to have the title to certain lots of land decreed to the plaintiffs.

The plaintiffs are heirs at laws of James C. Goode, deceased, who in A. D., 1849, conveyed to the defendants as trustees for the Methodist Episcopal Church South, and the members of such Church, the lots in dispute, in trust, to erect a church building to be used as a place of worship, to be subject to the rules and regulations of said Church South.

A house of worship was erected on the lots, but in 1862 or 1863, the house was torn down and the materials sold, and the plaintiff's claim that the trust has ceased, and that the property ought to revert to them.

As a matter of history and as an existing public fact, the Court will take judical notice, that a very large and extensive ecclesiastical body of citizens exist in this country, known as the Methodist Episcopal Church South. Their church property and other property devoted to charitable purposes belonging to them, are held in the names of trustees under deeds similar to the one under consideration. Where property has thus been donated to charitable uses, neither the donor himself, nor his heirs can ever reclaim it. Courts of equity will protect the beneficiaries as long as there are any of them in the enjoyment of the property or its proceeds, and should such beneficiaries cease to exist, the property or its proceeds will still be applied to charities of a similar nature, (see Academy of Visitation *vs.* James B. Clemens and others; 50 Mo., 167, and authorities cited.)

The ancestor of the plaintiffs when he made this deed, had no intention of ever reclaiming the property. His main purpose was the spread of the Gospel through the instrumentality of the Methodist Episcopal Church South. The erection of a church building on the lots, was considered by the donor, as a proper mode of carrying out the main design. If, however, it should become evident that a sale of the lots and an investment of the proceeds for a similar purpose would be more effectual, such conversion and appropriation ought in my judgment to be allowed.

Under no view are these plaintiffs entitled to the relief they seek.

·Let the judgment be affirmed. Judge WAGNER concurs. Judge BLISS absent.