## Missouri Historical Society v. Academy of Science; Lucas *et al.*, *Appellants.*

1. **Deed** : CONDITION SUBSEQUENT. A deed made on condition subsequent can be defeated for condition broken, only by re-entry of the grantor or his heirs.

2. **Charitable Gift** : CONVEYANCE TO UNINCORPORATED SOCIETY. A charitable gift will not be permitted by a court of equity to fail because of the non-incorporation of the society to whom, and for whose benefit, the conveyance was made.

3. **Equity** : CY PRES. The power of a court of equity to apply the doctrine of *cy pres* to charities belongs to its general jurisdiction as a court of chancery, and it is not derived from the statute of 43 Eliz., ch. 4.

*Appeal from St. Louis City Circuit Court.*—HON. G. W. LUBKE, Judge.

AFFIRMED.

*W. H. Clopton* for appellants.

(1)   The plaintiff took no title by the deed of 1872, because it was not then a corporation.   *Hurt v. Saulsbury*, 55 Mo. 310 ; *Ferris v. Thaw*, 72 Mo. 449 ; *Richardson v. Pitts*, 71 Mo. 128 ; *Douthat v. Stinson*, 63 Mo. 278 ; *Grimes v. Harmon*, 35 Ind. 198.   (2)   The plaintiff is not a charity.   2 Story's Eq. Jur. (13 Ed.) 1156, *et seq.*, note *a ; Thompson v. Shakespeare*, 1 John. 612 ; 6 Jurist (N. S.) 118, 281 ; 2 Perry on Trusts, secs. 710, 711.   (3)   Plaintiff's bill should be dismissed, because it seeks to divert the property to other uses than those named and expressly limited in the deed. Duke on Charitable Uses, 508 ; *Bascom v. Albertson*, 34 N. Y. 588 ; *Owens v. Missionary Society*, 14 N. Y. 380 ; *Leonard v. Burr*, 18 N. Y. 96 ; *Phelps v. Pond*, 23 N. Y. 69 ; *Burkinson v. Bonsen*, 23 N. Y. 298 ; *Mullanphy v. Peterson*, 1 Mo. 545 ; *Academy of Visitation v. Clemens*, 50 Mo. 167 ; *Goode v. McPherson*, 51 Mo. 126. (4) The doctrine of *cy pres* does not obtain. Perry on Trusts (3 Ed.) secs. 718, 726, 727 ; *Owens v. Missionary Society*, 14 N. Y. 380 ; *Downing v. Marshall*, 23 N. Y. 382 ; *Miller v. Chittenden*, 2 Ia. 370.   (5)   Plaintiff having failed to build according to the conditions of the deed, the property reverted to the heirs as expressly stipulated in the deed.   1 Am. Law Review, 265 ; *Moore v. Wingate*, 53 Mo. 411 ; *Willard v. Henry*, 2 N. H. 120 ; *Halley v. Brown*, 14 Conn. 269 ; *Bowen v. Bowen*, 18 Conn. 535 ; *Bennett v. Culver*, 97 N. Y. 250 ; *Clark v. Bergfield*, 81 Mo. 503.   (6)   The second deed was not a waiver of the conditions contained in the first deed. *Ragsdale v. Railroad*, 62 Miss. 480 ; 7 Am. Law Review, 616 ; *Skinner v Dayton*, 2 John. Ch. 526, 535 ; *Beatty v. Harkey*, 2 S. & M. 563 ; *Paschall v. Passmore*, 15 Pa. St. 295, 307 ; *Thompson v. Whipple*, 5 R. I. 144 ; *Burnett v. Passumpsic*, 15 Vt. 762 ; *Moore v. Wingate*, 53 Mo. 411 ; 4 Kent's Com. 125.

*M. L. Gray* for respondent.

(1) The deed of James H. Lucas and wife passed a fee-simple title to the grantees, with condition subsequent, on non-performance of which said Lucas or his heirs only, could defeat the title, and that only by entry. 2 Washb. Real Prop. (4 Ed.) chap. 14; *Iron Co. v. Erie*, 41 Pa. St. 341; *Williams v. Daken*, 22 Wend. 209; *Palmer v. Fortplain*, 11 N. Y. 389; *Ludlow v. Railroad*, 12 Barb. 440; 1 Smith's Lead. Cas. (8 Am. Ed.) top p. 130; *Tinkham v. Railroad*, 53 Barb. 393; *Rice v. Railroad*, 12 Allen, 141; *Towne v. Bowers*, 81 Mo. 497; *Jones v. Railroad*, 79 Mo. 96, 97. (2) Right of entry is not assignable; and grantee cannot make it; nor can the grantor or his heirs after assignment, for his right is gone. 2 Washb. Real Prop. (4 Ed.) top p. 14; *Hooper v. Cummings*, 45 Me. 359; *Nicoll v. Railroad*, 12 Barb. 461; *Norris v. Milner*, 20 Ga. 566; *Fonda v. Sage*, 46 Barb. 122-3; *Schulenberg v. Harriman*, 21 Wall. 60, 62; *Tenn. M. & F. Co. v. Scott*, 14 Mo. 48; 1 Smith's Lead. Cas. (8 Am Ed., part 1), top p. 135; *Gould v. Richards*, 16 Gray, 326; *Underhill v. Railroad*, 20 Barb. 463. (3) Right of forfeiture may be waived. 2. Washb. Real Prop. (4 Ed.) top p. 19, sec. 19; *Jackson v. Crysler*, 1 Johns. Ch. 126; *Hubbard v. Hubbard*, 97 Mass. 192. The heirs of Lucas, by the deed of Engleman *et al.*, expressly waived the condition in the deed of their father. A court of equity never lends its aid to enforce a forfeiture. *Messersmith v. Messersmith*, 22 Mo. 372; *Livingston v. Tompkins*, 4 Johns. Ch. 430; 2 Story's Eq. 1319. (4) The heirs of James H. Lucas are estopped, by his deed and their own, from disputing the corporate character of plaintiff. In both deeds plaintiff is admitted to be a corporation. *Hamtramck v. Bank*, 2 Mo. 169; *Dickson v. Anderson*, 9 Mo. 156, 157; *Railroad v. McPherson*, 35 Mo. 13;

*Durette v. Briggs*, 47 Mo. 361; *Ins. Co. v. Needles*, 52 Mo. 17, 18; *Ins. Co. v. Bowman*, 60 Mo. 252, 253, 254; *St. Louis v. Shields*, 62 Mo. 251, 252. (5) That where a party by contract had admitted corporate existence, "*nul tiel* corporation" cannot be heard. *Stoutimore v. Clark*, 70 Mo. 477, 478; *Huntley v. Filbert*, 73 Mo. 34; *Studebaker v. Montgomery*, 74 Mo. 103; *State v. Williams*, 77 Mo. 468; Field on Corporations (2 Ed.) sec. 349. (6) If the estoppel is not valid the deed of Lucas placed the title in the Academy of Science, with a trust for the plaintiff's share until fully incorporated. *Arthur v. Weston*, 22 Mo. 378, 382, 383; *Boemen v. Whitney*, 20 Me. 420. Especially would this be so, as plaintiff was incorporated by decree of the circuit court, and was a charity. *Schmidt v. Hess*, 60 Mo. 595; *Smith v. Sheely*, 12 Wall. 361; *Chambers v. St. Louis*, 29 Mo. 543; *Academy of Visitation v. Clemens,* 50 Mo. 167. (7) The two societies were charities. *State ex rel. v. Academy of Science*, 13 Mo. App. 213; *Academy of Arts v. Harvard College*, 12 Gray, 582; Const. of Mo., sec. 6, art. 10; Perry on Trusts (1 Ed.) secs. 687 and 700; *Jackson v. Philips*, 14 Allen, 556; *Russell v. Allen*, 107 U. S. 163. A court of equity will sustain a charity, notwithstanding any technical defect. *Academy v. Clemens*, 50 Mo. 167; *Good v. McPherson*, 51 Mo. 126; *County Court v. Griswold*, 58 Mo. 200; *Schmidt v. Hess*, 60 Mo. 591; 2 Story's Eq. (4 Ed.) secs. 1169, 1181; Perry on Trusts, sec. 46, and cases cited, secs. 730, 732; *Baptist Church v. Roberson*, 71 Mo. 333. (8) The doctrine of "*cy pres*" applies and plaintiff is entitled to the relief asked for. The defendant, Academy of Science, admits by its answer the allegations of the bill, and asks the relief prayed for in the bill, and the heirs of Lucas also admit the facts by failure to deny them. R. S., 1879, sec. 3545. The facts alleged in the bill require the decree prayed for and made by the court. The benefit goes to the two societies, but

in a different way only. *Academy of Visitation v. Clemens*, 50 Mo. 167 ; Perry on Trusts (1 Ed.) secs. 727, 724 ; Boyle on Charities, 148, 174 ; *Goode v. McPherson*, 51 Mo. 126 ; *Academy v. Harvard College*, 12 Gray, 582 ; Story' s Eq. (4 Ed.) sec. 1169, and following, sec. 1181 ; Adams' Eq. (2 Am. Ed.) side p. 68 and following. Section 13, of article 1, of the constitution of 1865, has no application to this case, as neither plaintiff nor the Academy of Science are religious bodies, to which alone said section applies.

SHERWOOD, J. — This proceeding in equity was instituted for the purpose of asserting and having enforced the rights of plaintiff and of the Academy of Science in a certain lot in the city of St. Louis, which lot was conveyed to the said institutions by deed of J. H. Lucas, dated in 1872, and by a deed from his heirs in 1878. The deed of J. H. Lucas was accepted by the said societies by indorsement on the deed, possession taken of the lot, and the tenant of Lucas attorned to the societies with his consent, and such tenant accepted a lease from them thereunder and paid them rent, and such rent was paid by him and his successors down to the time and after plaintiff instituted this proceeding, the societies meanwhile paying taxes.

The petition, after setting forth that the deed of Lucas gave the grantees the privilege of selling the lot and applying the proceeds to the purpose of erecting a building, etc., goes on to state. that, though the conditions in the first deed were not complied with, yet that the heirs waived that condition by their quit-claim deed of 1878 to Engleman *et al.*, on condition that they, within three years after that deed should be filed for record, should erect a building, etc., and that said period had not elapsed, as said deed had not been so filed for record. It is further set forth in the petition that it has been found impracticable to erect on said lot a

building or buildings adapted to the uses and purposes of said two corporations, jointly, because of the extent of said lot, it being too small to answer said purposes, and it being impossible to procure additional land adjoining, as said lot is bounded on the east and south by alleys and on the west by Christ church, and the intent of the donor cannot be literally carried out by erecting a building thereon suitable for the uses and purposes of said societies, and it is further impracticable from its location and surroundings; that the two societies wish to have separate buildings, and that, in the accomplishment of these purposes, the plaintiff has taken steps looking to the erection of a building of its own at some more desirable location; that as the literal and exact purpose of the grantors (James H. Lucas and wife) in said deed cannot now be carried out, for the erection of a building or buildings on said lot, or otherwise, for joint occupancy and purposes of said two corporations, the plaintiff prays the court, as a court of equity, to frame and decree a new scheme for the use of said lot, or its proceeds, to-wit: To order sale in partition and a division of the proceeds of such sale, and authorize, by proper decree, the plaintiff to use its share in said lot or its proceeds in the erection of a suitable separate building, and likewise to authorize the Academy of Science, etc.

The answer of the Academy of Science was an admission of the allegations contained in the petition, and the proper decrees were asked. The answer of John B. Johnson *et al.* is, that the Missouri Historical Society was not incorporated until the twenty-fourth of February, 1875, and that the conveyance of 1872 was void. Defendants pleaded the conditions in the deed from James H. Lucas and wife and the failure of the plaintiff to perform them. Defendants admitted the execution of the deed in 1878 by them, as heirs of James H. Lucas, and say that there was no consideration for the

deed, and deny that said deed was given with the view of dispensing with and waiving the conditions contained in the said deed from James H. Lucas. They allege that the said deed contained the condition that the grantees named, George Engleman, Peter L. Foy, Albert Todd, Jeremiah S. B. Alleyne, and Oscas W. Collett, would, within three years from the filing of said deed for record, erect, or cause to be erected, upon said piece of ground, a suitable building, etc., for the uses, objects, and purposes of the Academy of Science and the Missouri Historical Society, and that they should then convey said property to the said societies. And that, after the erection of said building and such conveyance, the said societies might convey the land, with the improvements, and apply the proceeds toward the erection of like buildings, etc. The answer says that such building was never erected, nor was a conveyance made to the two societies, as required by said deed.

It was further pleaded that in case said building be not erected within three years upon said lot, the deed should *be void*. The defendants pleaded, also, that, at the time of the execution of said deed by them, they, as heirs of James H. Lucas, owned valuable real property, improved and unimproved, in the vicinity of said lot, and that it was to their interest to have a suitable building, for the uses and purposes of said societies, on said lot. Defendants denied that either of said societies have entered into the possession of said lot, and that they (defendants), because said societies failed and refused to comply with the conditions of said deed, did enter into the possession of said lot and now occupy the same. Defendants pray that the two deeds be declared of no effect, and that the title to said lots be declared to be in them, and for general relief.

I. The condition in the deed of J. H. Lucas was a condition subsequent, and the fee-simple title of the

grantees acquired by such deed could only be defeated by entry for condition broken by Lucas or his heirs. 2 Wash. Real Prop. (4 Ed.) 12 to 24; 1 Smith's Lead. Cas. (8 Ed.) 130; *Iron Co. v. Erie*, 41 Pa. St. 341; *Jones v. Railroad*, 79 Mo. 92; *Towne v. Bowers*, 81 Mo. 497; *Warner v. Bennett*, 31 Conn. 468; *Chalker v. Chalker*, 1 Conn. 79. In this case there was no entry made by the heirs of Lucas. It is asserted in the abstract for the defendants that H. V. Lucas had testified that he made such entry; but on turning to the record, it will be found that he expressly, and in terms disclosed that he *did not go upon the lot in controversy*. It is also disclosed by the testimony that after this proceeding was instituted the heirs of Lucas induced Mrs. Wickenden, the tenant of the societies, to attorn to, and accept a lease from them. But this surreptitious act, as a matter of course, could not obviate the necessity of entry for condition broken.

II. As already seen the plaintiff was not incorporated until 1875, some three years after the deed of J. H. Lucas was made to it. But this does not matter if the purposes of plaintiff's organization may properly be termed *a charity*. That it was a charity I have no doubt. And the same remark is applicable to the Academy of Science. *Schmidt v. Hess*, 60 Mo. 591; *Chambers v. St. Louis*, 29 Mo. 543; *Russell v. Allen*, 107 U. S. 163; *Jackson v. Phillips*, 14 Allen, 539; 2 Perry on Trusts (3 Ed.) secs. 687, 700. Any gift not inconsistent with existing laws, which is promotive of science or tends to the education, enlightenment, benefit, or amelioration of the condition of mankind, or the diffusion of useful knowledge, or is for the public convenience, is a charity within the meaning of the authorities cited, and it is none the less a charity because not so denominated in the instrument which evidences the gift. And the validity of such charitable gifts is not at all dependent on the statute of 43 Eliz.;

ch. 4, nor does the jurisdiction of courts of equity in such cases depend on that statute. The contrary view was at one time entertained by the Supreme Court of the United States (*Baptist Association v. Hart*, 4 Wheat. 1), but that idea was reversed and thoroughly exploded in the *Girard Will Case*, 2 How. 127, which has since been followed: *Perin v. Carey*, 24 How. 465; *Ould v. Washington Hospital*, 95 U. S. 303; *Russell v. Allen, supra,*

III. Now as to the power of a court of equity to grant the relief asked. In exercising the power prayed by the plaintiff's petition to be exercised, the court applies the *cy-pres* doctrine, not as one resting on extraordinary or prerogative powers, for no such powers, in the absence of legislative authority, belong to courts of chancery in this country, but as one belonging to its *general jurisdiction as a court of chancery;* powers which were in active exercise long before 43 Eliz., ch. 4, was enacted, and such powers are a part of its equity jurisdiction over trusts. These views are fully supported by the authorities. *Academy of Visitation v. Clemens,* 50 Mo. 167; *Goode v. McPherson,* 51 Mo. 126; *Chambers v. St. Louis,* 29 Mo. 543; *American Academy v. Harvard College,* 12 Gray, 582; *Jackson v. Phillips,* 14 Allen, 539, and cas. cit.; 2 Perry on Trusts (3 Ed.) secs. 724, 727; 2 Story Eq. Jur. (13 Ed.) secs. 1176–1187. Perry says: "When the *cy-pres* doctrine is reduced to its elements, it becomes a very simple judicial rule of construction; and, as such, the courts in all the states can and do apply it without usurping any prerogative powers." 2 Perry on Trusts, sec. 728.

Holding these views the judgment is affirmed. All concur.