# SUPREME COURT

OF THE

## STATE OF MISSOURI

AT THE

### OCTOBER TERM, 1919.

EARL T. ROBINSON et al., Appellants, v. JAMES M. CRUTCHER, Executor, et al.

In Banc, February 15, 1919.

1. **CHARITABLE TRUST**: Separation of Legal Estate and Beneficial Enjoyment. In the creation of a charitable trust it is essential that there be a separation of the legal estate from the beneficial enjoyment and this separation must be indicated by the words of the donor; otherwise, the trust will be extinguished by a merger of the equitable in the legal estate, and the whole interest will vest in the donee.

2. ————: Appointment of Trustee: No Donee. If a charitable trust has been created it will not be permitted to fail because a trustee has been erroneously or uncertainly designated, but the court in the exercise of its inherent equity jurisdiction will appoint one. But where the instrument creating the trust neither directly nor by reasonable implication designates a donee who can take the legal title to the fund by it bequeathed or donated, the court is not authorized to appoint a trustee, and the trust fails.

3. ————: Bequest to School Fund: No Donee. A bequest of one-third of the residuum of testator's property "to the capital of the township school fund of Township 54, Range 10, in Monroe County," one-third "to the capital of the public school fund of Monroe County" and one-third "to the capital of the public school fund of the State of Missouri," with a direction to his "executor to pay over to the lawful custodians of the several public school funds mentioned the several shares given to said school funds," was a mere attempt to add money to money for the benefit of education, and is void for failure to name a donee who can take the legal

277 Mo. (1)

title to the funds. It was a gift to the school funds, and not to the custodians, and no donee can be implied or trustee appointed. *Held*, by WILLIAMS, J., dissenting, with whom BLAIR, J., concurs, that the legal estate was vested in the statutory custodians of the respective school funds, and the beneficial enjoyment was vested in the persons who by statutory law are now, or shall hereafter become, entitled to said funds, which statutes definitely and accurately define the custodians and prescribe the methods of administering "the several public school funds mentioned."

4. ———Interpretation: **Words of Clear Meaning.** If the words used to create the trust are clear and unmistakable in meaning, there is no room for a construction by implication or for the interpolation of other words.

5. ———: **Cy Pres Doctrine.** In the absence of a named donee in the words attempting to create a charitable trust, no trust is created, and there is no room for an application of the doctrine of *cy pres*, or approximation, to ascertain or supply one, because that cannot be approximated which does not exist.

6. **WILL: Valid in Part.** The elimination of invalid clauses of a will does not interfere with its valid provisions.

Appeal from Monroe Circuit Court.—*Hon. W. T. Ragland*, Judge.

REVERSED AND REMANDED (*with directions*).

*Frank W. McAllister* and *Strop & Mayer* for appellants.

(1) A grantee under a deed or a legatee or devisee under a will must be capable of taking and holding property. Neither inert matter nor a symbol representing inert matter, can be a grantee under a deed or legatee under a will. There is an entire want of capacity to accept or reject, to take or to hold. The public school fund and the township school fund are mere names. They designate simply moneys. These moneys themselves cannot be identified or ascertained except by tracing them to their different sources. The county school fund and the township school fund designate dead, inanimate matter. They are neither a person or

corporation nor an association or society composed of individuals with capacity to take. A court cannot make a trust out of such devise or bequest in favor of the testator's heirs or anybody else. Spencer v. DeWitt Library, 73 N. Y. S. 714; Douthitt v. Stinson, 63 Mo. 268; Thomas v. Wyatt, 25 Mo. 24; Doedem. Hearn v. Cannon, 15 Am. Rep. 701; Stennett v. Hall, 74 Iowa, 279; Billingsley v. Tongue, 9 Md. 575; Tractly v. Martin, 80 N. C. 643; Scales v. Scales, 59 N. C. 163; Sloan v. House, 2 Rawle, 28; Barnet's Appeal, 104 Pa. St. 342. (2) Where a testator has used clear and unambiguous language and has thereby made provision which is clearly invalid and void because contrary to a positive rule of law, a court of equity will not re-write the will or do for him what he has not done for himself. Wells v. Fuchs, 226 Mo. 106; Hadley v. Forsee, 203 Mo. 428; Board of Trustees v. May, 201 Mo. 370; Douthitt v. Stinson, 63 Mo. 268; Tilden v. Green, 14 L. R. A. 3; Cottman v. Grace, 112 N. Y. 299; Central Trust Co. v. Eggleston, 185 N. Y. 968; Jones v. Jones, 223 Mo. 450; Buckner v. Buckner, 255 Mo. 377; Burnett v. Burnett, 244 Mo. 497. (3) If a man wills his property to a thing which has no capacity to take, or in a manner made invalid and void by positive rules of law, his property will decend to his relatives. Hadley v. Forsee, 203 Mo. 428; Corby v. Corby, 85 Mo. 371; Corporation v. Wood, 3 Hare (Ch.) 147; Wells v. Fuchs, 226 Mo. 106. (4) Before a trust can be created, there must be a separation of the legal estate from the beneficial enjoyment, and a trust cannot exist where the same person possesses both. 5 R. C. L. 294-295, sec. 4; 1 Lewin on Trust, 14; Hill on Trusts (4 Am. Ed.) 86, 99; 1 Perry on Trusts, 11; Doan v. Vestry of the Parish of the Ascension, 103 Md. 662, 115 Am. St. Rep. 379. In this will there is not a word of any kind or character which can be tortured into showing any intent on the part of the testator to restrain or direct, in any manner whatsoever, the beneficial enjoyment of the bequest.

*Roy B. Meriwether, Alex. T. Stuart, James J. Browning* and *J. H. Whitecotton* for respondents.

(1) Gifts to charitable uses have always received favorable consideration and are often upheld where private trusts fail. Hadley v. Forsee, 203 Mo. 427; Chambers v. St. Louis, 29 Mo. 543; Academy v. Clemens, 50 Mo. 167; Schmidt v. Hess, 60 Mo. 591; Howe v. Wilson, 91 Mo. 45; Hist. Society v. Academy, 94 Mo. 459; Powell v. Hatch, 100 Mo. 592; Barkley v. Donnelly, 112 Mo. 561; Sappington v. Trustees, 123 Mo. 210; Lackland v. Walker, 151 Mo. 210; In re Graves, 242 Ill. 23; Mott v. Morris, 249 Mo. 137; 11 Corpus Juris, p. 307, sec. 12; In re Creighton Estate, 60 Neb. 796. (2) Even if the words of a gift are ambiguous or contradictory they are so construed as to support the charity if possible. It is an established maxim of interpretation that the court is bound to carry the gift into effect if it can see a general charitable intention with the rules of law if the particular manner indicated by the donor is illegal or impracticable. Under this doctrine the provisions of the will are administered as near the intention of the testator as possible. Sappington v. School Fund Trustees, 123 Mo. 42; Lackland v. Walker, 151 Mo. 210; Mott v. Morrison, 249 Mo. 137; Heuser v. Harris, 42 Ill. 425; Brown v. Kelsey, 2 Cush. (Mass.) 243; Winslow v. Cummings, 3 Cush. (Mass.) 358; Washburn v. Sewall, 9 Metc. (Mass.) 280; Grand Prairie Seminary v. Morgan, 171 Ill. 444; Hoeffer v. Clogan, 171 Ill. 462; Hood v. Dorer, 107 Wis. 149. (3) Each county has the power of acting as trustee for charitable uses and as such trustee to take and hold by gift, grant or bequest or devise, money and other property, to be given, granted, bequeathed or devised, in trust for charitable uses, and shall have the power, by and through its county court, of executing trusts created in it for charitable uses in as full and ample a manner as an individual. Sec. 3746, R. S. 1909; Laws 1913, p. 194; Secs. 3747,

3748, R. S. 1909. (4) It is not necessary to the valid appointment of a trustee of a charitable trust that he shall be specified by name or that the word trustee shall be used, provided it appears to the satisfaction of the court that the duties to be performed are such as are properly to be performed by one who is a trustee and that the individual is designated with sufficient precision to leave no doubt as to the identity. 11 Corpus Juris, 331; Kemmerer v. Kemmerer, 233 Ill. 327; Baltimore Annual Conference M. E. Church Book Depository v. M. E. Church Rooms Fund, 117 Md. 86. (5) The intention of the testator to create a trust is to be gathered in each case from the general purpose and scope of the will, and testator's intention is not to be gathered from technical words, but from the whole instrument. Peak v. Jamison, 6 Mo. App. 590; Ryder v. Lyon, 85 Conn. 245; Thompson on Wills, 295, sec. 338; C. J. p. 313, sec. 18; Cook v. Universalist General Convention, 101 N. W. (Mich.) 217. If donor has indicated generally a charitable purpose and has fixed the means whereby a scheme of executing same may be ascertained to enable the court to enforce same, that is all that is required. Grant v. Sanders, 121 Iowa, 80; Jordan v. Richmond Home for Ladies, 106 Va. 710; Harrington v. Pier, 105 Wis. 485; 11 C. J. p. 327, sec. 40. "A gift to a charitable use, to be valid, must designate the particular charitable use by making the gift to some corporation whose charter provides for a charitable use of its funds, or to some particular object or purpose that the law recognizes as charitable; and it is enough if the object to be mentioned, and the law can see that it is a charitable one." 5 R. C. L. 349, sec. 84. (6) Testator orders said funds turned over to the lawful custodians of said funds. The county court by operation of law had the control and management of the various school funds and the county is made, by statutory provisions, the trustee of charitable uses for the county, with full power to execute said trusts. (7) Testator has indicated generally a charitable purpose, that of benefiting the public through the public

schools; he has fixed the means of ascertaining the method of executing the same, that of the provisions of the statutes, which are plain, explicit and amply sufficient; the beneficiaries are sufficiently designated, the subject-matter is certain, the legal and equitable titles are separated, the context of the will clearly establishes a public charity. Cook v. Universalist General Convention, 101 N. W. (Mich.) 217; Schneider v. Kloepple, 270 Mo. 399. (8) Equity will not permit these trusts to fail because its particular purposes are uncertain, or for the want of a trustee, though no existing donee is named in the trust. Chambers v. City of St. Louis, 29 Mo. 543; American Bible Society v. Wetmore, 17 Conn. 181; Vidal v. Philadelphia, 43 U. S. (How.) 127, 11 L. Ed. 205; Hunt v. Fowler, 121 Ill. 269. (9) Bequests much more indefinite than this have been upheld as follows: A bequest by testator "to the poor of Madison County;" and also a bequest "to the suffering poor of the town of Auburn." In each of these bequests, there was no appointment of a trustee to administer the trust nor any direction as to how one should be appointed, but in each instance the bequest was held valid as a public charity and the court of chancery appointed trustees to execute the trust. Howard v. American Peace Society, 49 Mo. 288 A bequest "to the Sunday School of the Methodist Episcopal Church at Tuckerton" was maintained as a public charity and the church to which the Sunday School was an incident was appointed as a trustee in equity to carry out this bequest as a public charity. Mason v. Methodist Episcopal Church, 27 N. J. Eq. 47.

WALKER, J.—The heirs of Temple B. Robinson, deceased, brought this suit to have the fifth, sixth and seventh clauses of his will construed. These provisions concern the disposition of two-thirds of the testator's property. The defendants are the executor of the estate, the judges of the county court, and the treasurer of Monroe County. The judgment of the circuit court

was in favor of the validity of the will.   Plaintiffs appealed from this finding.

Temple B. Robinson had never married.  He died in Monroe County, in January, 1914.  The petition alleges the invalidity of the provisions of his will mentioned, because of the absence therein of a donee, legatee, or beneficiary; that said clauses are void for uncertainty, and hence impossible of execution; and that as to two-thirds of the estate thus bequeathed, the donor died intestate, and that said property should pass and descend to his heirs at law who are the plaintiffs.

Omitting the first, second and third clauses of the will, about which there is no controversy, the fourth, fifth, sixth and seventh provisions are as follows:

"4th:  The residue of my property of whatsoever kind and wheresoever situate I will and direct shall be divided into three equal parts.

"5th:  One of such third parts I give and bequeath to the capital of the township school fund of T. 54, R. 10 in Monroe County, Missouri.

"6th:  One of such third parts I give and bequeath to the capital of the public school fund of Monroe County.

"7th:  One of such third parts I give and bequeath to the capital of the public school fund of the State of Missouri and I direct my executor to pay over to the lawful custodians of the several public school funds mentioned in this and the two preceding clauses of this will the several shares given to said school funds as aforesaid."

It is conceded that the language of these provisions creates direct bequests to the capital of the township school fund of Township 54, Range 10, Monroe County, the capital of the public school fund of Monroe County, and the capital of the public school fund of Missouri, and would consequently be void, except, upon the theory which forms the basis of the trial court's judgment, that these bequests create charitable trusts for the advancement of education; and that so construed, the provisions of the will in controversy,

aided by the *cy pres* doctrine, may be upheld and, as a consequence, the powers of a court of equity exercised in the designation of a trustee.

The issue, therefore, is briefly framed and clearly defined; namely, does the language employed by the donor, when liberally construed within the well defined meaning of the words employed, authorize the classification of these bequests as charitable trusts?

In the discussion of this question, we need not confine ourselves to the rules in regard to the creation of charities authorized in England, under the Statute of Elizabeth (43 Eliz. ch. 4), or a recondite review of the divergencies from same in this country, except to recognize the general doctrine announced in that statute as a part of our jurisprudence (Lackland v. Walker, 151 Mo. l. c. 242). In so doing, it will suffice to content ourselves with the modern definition of a public charity as "a gift to be applied consistently with existing laws, for the benefit of an indefinite number of persons, by bringing their minds under the influence of education or religion, by relieving their bodies from disease, suffering or constraint, or by assisting them to establish themselves in life, or by erecting and maintaining public buildings or works, or otherwise lessening the burdens of government." [Jackson v. Phillips, 14 Allen 539; State ex rel. v. Powers, 10 Mo. App. l. c. 265; 6 Cyc. 900 and notes.]

In the creation of a charitable trust, it is essential that there be a separation of the legal estate from the beneficial enjoyment of same (5 R. C. L. 295). This separation must be indicated by the words of the donor, otherwise the equitable and legal estate will meet in the same person and the trust be extinguished by a merger of the equitable in the legal estate. The rule thus plainly put finds affirmative expression in Doan v. Vestry of Ascension, 103 Md. 662, 115 Am. St. 379, where it is held in effect that there must be a disclosed intention on the part of the donor to separate the legal and equitable estates, otherwise the whole interest will vest in the donee, which, in the absence

of the exercise of sovereign power, will preclude the creation of a trust, charitable or otherwise. If such a trust has been created, it will not be permitted to fail because a trustee has been erroneously or uncertainly designated, but the court in the exercise of its inherent equity jurisdiction will appoint one. [Buckley v. Monck, 187 S. W. 31; Rothenberger v. Garrett, 224 Mo. 191; 6 Cyc. p. 936, Subd. 5 and notes; 11 C. J. p. 332, par. 48 and notes; 39 Cyc. p. 252, Subd. B. and notes.]

The testator's will defines the capital of the township, the county and the state school funds as the donees. The word capital as used to designate the recipients of these bequests has no significance other than that generally given to it as applied to public or private funds. As applied to the school fund, it means the principal set apart from the general revenue from which the interest is derived for educational purposes. Neither directly nor by reasonable implication is a donee designated who can take the legal title to the funds bequeathed and thus authorize the appointment of a trustee. The utmost that can be said of these provisions under a liberal interpretation of same, is that it was the purpose of the donor to add money to money for the benefit of education. The language employed in the will being free from doubt, no room is left for a construction by implication which would insert the names of those clothed by the statute with the general custody of school funds, under the rule that where a trust is expressed the party in whom the legal title is vested will be held to be the trustee, for the reason that there is no such vesting of title of the funds bequeathed in any natural or artificial entity, as is required to create the trust. Hence, it would become necessary, to sustain the same, to write into the will, otherwise clear and unambiguous, the names of the donees who would take the legal title to the funds bequeathed. This, in effect, would result in a making instead of a construing of the will, and even under the ample power given a court of equity to sustain a trust, such a course, in the presence of the unmistakable

language employed, would be unauthorized. [Sec. 583, R. S. 1909; Trigg v. Trigg, 192 S. W. 1011; Peak v. Peak, 195 S. W. 993; Deacon v. St. L. U. T. Co., 271 Mo. 669, 197 S. W. 261.]

But it is contended that the language employed by the testator in the 7th clause directing his executor to pay over to the lawful custodians of the public school funds mentioned in the 5th, 6th, and 7th clauses of the will the several shares therein given to said funds, constitutes a sufficient designation of the donees to characterize the bequests as charitable trusts. This direction, unless we disregard its plain terms, in which is involved a necessary reference to the express provisions of the clauses in controversy, does not sustain this contention.

In conformity with these clauses the direction provides for the turning over of the shares to the custodian named, not those which had been given to them, because none had been given, either in terms or by implication, but those which had been given to the school funds aforesaid. The effect of this provision is to emphasize the designation of the donees as expressed in the clauses themselves, and that it was the purpose of the donor to bequeath these shares of his estate to the school funds themselves and not to the legal custodians of funds of like character. In short, the part of the will under review provides for a bequest to and not for the funds in question.

As to the power of a county court, within the statute, to act as trustee under a proper state of facts, there is, no question, but such facts do not exist here. [Sec. 3746, R. S. 1909.]

The attempted application of the provisions of Section 3747 to the construction of this will, so far as concerns the bequest to the county school fund, is not authorized, because of the absence of the creation of such a charitable trust by the donor as will permit, within the contemplation of said section, the names of the judges of the county court to be inserted as custodians of the shares bequeathed to the county school fund.

To uphold the provisions of the will in controversy, under the contention of the respondents, it will be necessary, therefore, either to interpolate words or construe those employed, concerning the meaning of which there is no question. It is almost too elementary to require references to cases, to sustain same, that the interpolation of words or the construction of same by implication is only authorized where there is enough expressed to indicate but not clearly define the purpose of the text. Such is not the case at bar, and unless the rule thus invoked is applied to the construction of words whose meaning can not be mistaken, it can have no application here.

The doctrine of *cy pres*, or that of approximation, is invoked to sustain the validity of these bequests. We have, in discussing other phases of the matter at issue, adverted to the uniformly liberal construction given to testamentary donations, due to the policy of courts of equity to declare valid, if possible, gifts to charity. It is in the exercise of this general power that the doctrine of *cy pres* is authorized that the intent of the donor, if found impossible of execution, may, under the order of the court, be carried out as near as possible. [Mott v. Morris, 249 Mo. l. c. 145.] An essential to the application of this doctrine is the ascertainment from the language employed in the donation, as to who was intended to take as trustee. If the taker, although in the instant case in a sense tangible so far as mere money can be so considered, has within the meaning of the law no legal entity, either natural or artificial, then the doctrine of *cy pres* cannot properly be invoked, because that cannot be approximated which does not exist; or put differently, with the same effect as to the conclusion reached, in the absence of such a taker as the law authorizes, no trust is created, and absent the creation of a trust, there is no room for the application of the doctrine of *cy pres*. [Catron v. Scarritt Coll. Ins., 264 Mo. l. c. 728; Mott v. Morris, 249 Mo. l. c. 145; Crow ex rel. Jones v. Clay Co., 196 Mo. 234; Lackland v. Walker, 151 Mo. 210; Women's

Chris. Assn. v. Campbell, 147 Mo. 103; Campbell v. Kansas City, 102 Mo. 326; Mo. Hist. Soc. v. Acad. ot Science, 94 Mo. 459; Schmidt v. Hess, 60 Mo. 591; Acad. Vistn. v. Clemens, 50 Mo. 167.]

The question here involved is not, as contended by respondent, the failure to name a trustee, as in Schneider v. Kloepple, 270 Mo. 396, or to render more certain the individual who may be reached by the benefit, as in Mott v. Morris, 249 Mo. l. c. 150, Hadley v. Forsee, 203 Mo. l. c. 427, and Barkley v. Donnelly, 112 Mo. l. c. 571. Nor does it concern the administration of a trust admittedly created, as in Lackland v. Walker, 151 Mo. 210, or render more definite the designation of the *cestui que trust*, as in Sappington v. School Fund Trustees, 123 Mo. 32. These authorities, and others of like nature, are cited to sustain the validity of the clauses in question. It is evident that the matters of which they are determinative fall short of this purpose. The question here confronting us has a deeper significance, in that the will does not, either by express terms or by implication, create such a trust as is necessary to sustain the provisions in question. The trust not having been created, no reason exists for the attempted exercise of the power of the trial court to designate a trustee.

It, therefore, follows that the clauses of the will under review must be held inoperative and of no effect. The elimination of these invalid clauses does not interfere with the disposition of the remaining portions of the testator's estate under the other well defined provisions of his will, and it is upheld as to them. [Wells v. Fuchs, 226 Mo. 97; Shepperd v. Fisher, 206 Mo. 208; Board of Trustees v. May, 201 Mo. 360; Borland on Wills, p. 302.]

As a consequence of this conclusion, the finding of the trial court is reversed and remanded, with directions that a judgment be entered in conformity with the views herein expressed. It is so ordered. *Bond, C. J., Faris,* and *Graves, JJ.,* concur;

*Williams J.*, dissents in separate opinion, in which *Blair, J.*, concurs; *Woodson, J.*, not sitting.

WILLIAMS, J. (dissenting).—Being unable to agree with the learned majority opinion, I desire to state briefly the ground of my dissent.

In my opinion, by the terms of the will, there has been a clear separation of the legal estate from the beneficial enjoyment or equitable estate. By the terms of the will the legal estate in the property devised or bequeathed in paragraphs 5th and 6th (the present suit does not involve the bequest in paragraph 7) becomes immediately vested in the statutory custodian of the respective school funds, and the equitable title or beneficial enjoyment thereof is vested in the persons who by statutory law become now, or are hereafter entitled, to receive the benefits from the respective school funds.

The terms upon which the trust, thus established, is to be administered, are to be found in the statutory law of the State which definitely and accurately prescribes the manner of applying and the uses to which such funds may be put. Under such conditions the statutes prescribing the method of administering and the uses to which such school funds are to be put are as much a part of the will as if they had been literally copied into the same.

The trust thus created was clearly a charitable one and I am of the opinion that the learned circuit court was correct in so decreeing and that the judgment should be affirmed.

*Blair, J.*, concurs in these views.