SIMMONS et al. v. FIDELITY NAT. BANK & TRUST CO. OF KANSAS CITY et al.

No. 9551.

Circuit Court of Appeals, Eighth Circuit.

March 24, 1933.

Rehearing Denied May 3, 1933.

Hale Houts, of Kansas City, Mo. (James K. Houghton and J. R. Kaspar, both of Kansas City, Mo., on the brief), for appellants.

Justin D. Bowersock and Paul R. Stinson, both of Kansas City, Mo. (I. P. Ryland, Arthur Mag, Roy B. Thomson, Alfred M. Seddon, and Bowersock, Fizzell & Rhodes, and Ryland, Stinson, Mag & Thomson, all of Kansas City, Mo., on the brief), for appellees.

Before STONE, VAN VALKENBURGH, and BOOTH, Circuit Judges.

STONE, Circuit Judge.

This is an action by next of kin, as heirs at law, of Frank F. Rozzelle to have declared invalid a trust established under his will, covering the residue of his property after the payment of certain specific bequests. Some of the defendants filed a cross-petition praying a decree validating the trust and authorizing its administration as a public charitable trust in accordance with the terms of the will. At the close of the evidence the court entered a decree dismissing the petition for lack of equity, and decreeing the validity of the trust under the cross-petition. From that decree this appeal is brought.

Two propositions are presented here by appellants. The first of these is that the controverted provisions of the will transgress the rule against perpetuities, by being too remote, for the reason that the beneficial interest in the property would not of necessity, if ever, be vested in any beneficiary within the period prescribed by the rule; and, second, that the trust is not a charitable trust, and therefore is void as involving restrictions against alienation beyond the period permitted by the rule against perpetuities. From this statement of the issues here it is clear that the matters to be determined are, first, whether the will established a charitable trust; and, second, if a charitable trust is established thereby, is the vesting of the beneficial interest so remote and uncertain as to violate the rule against perpetuities?

After providing for several specific bequests, item 14 of the will provides a bequest of $30,000 to Wilkie Albers, the income to be enjoyed by her for life and the corpus, thereafter, to be delivered to the New England National Bank, predecessor of Fidelity National Bank & Trust Company, as trustee, to be used "in the maintenance, operation, upkeep, improvement or construction of any building in Kansas City, Missouri, in the construction of which the trust fund mentioned in the will of Ida H. Nelson, late of Kansas City, Missouri, shall at any time be used."

Item 15 of the will is as follows: "All the rest, residue and remainder of my property and estate, real, personal and mixed, of every kind and nature and wheresoever situate, I give, bequeath and devise to the New England National Bank, located at Kansas City, Missouri, and to its successor and successors in this trust, to be by it managed, controlled and used at such time or times and in such manner as it deems proper for the upkeep, maintenance, operation, improvement or construction of the art building, erected or to be erected under the provisions of the will of Ida H. Nelson, deceased, filed in the Probate Court of Jackson County, Missouri, at Kansas City, and for the purpose of paying the expenses of operating or carrying on the art gallery when located in said building and said trust fund shall until the same is needed, as in this paragraph provided, be invested in interest bearing bonds and the interest thereon shall be by said trustee collected and become a part of the principal of said trust fund."

The building referred to in item 14 is the same as that in item 15, and is an art gallery wherein are to be housed art objects to be acquired under the will of William Rockhill Nelson.

To understand the purposes of this building and its character, as being a public charity or not, it is necessary to examine two other wills, which are set forth in the amended petition. The first of these is the will of William Rockhill Nelson, wherein provision is made for the establishment of a trust. After providing for several specific and temporary matters, the terms of this trust require the net income therein to be expended for the purchase "of works and reproductions of works of the fine arts, such as paintings, engravings, sculpture, tapestries and rare books, the purpose being to procure in this manner works or reproductions of works of fine arts which will contribute to the delectation and enjoyment of the public generally, but are not usually provided for by public fund." After the death of Nelson, his wife, Ida H. Nelson, executed a will, wherein, after various specific bequests, the residue of her property was bequeathed to the New England National Bank, predecessor of Fidelity National Bank & Trust Company, as trustee, to be used "in

erecting a building in Kansas City, Missouri, to be used for art purposes and to bear the name of William Rockhill Nelson followed by the words Gallery of Art or other suitable words. Said building shall be so located and erected that the same can, and it is my desire shall, be used for the purpose of housing and caring for the pictures, paintings, sculptures, rare books, tapestries and works of the fine arts to be purchased pursuant to the provisions of the last will of William Rockhill Nelson, late of Kansas City, Missouri, and such pictures, paintings and works of art as may be purchased hereunder and such as he donated to the public now known as the Western Gallery of Art."

Rozzelle was a witness to this will, and therein Mrs. Nelson sets forth that, whenever legal advice or services are required in carrying out the above trust, "my attorney, F. F. Rozzelle, shall act in the matter, he having knowledge of my affairs and matters that may arise in the execution of such trust and powers."

After Mrs. Nelson died, the will of Rozzelle was executed. The three wills together form a complete picture. The William Rockhill Nelson will provides for the purchase of works of art, to be enjoyed by the public. The will of Mrs. Nelson provides a structure, or gallery, for housing those works of art, as well as those coming from other sources. The will of Rozzelle provides assistance in the construction of this gallery, and also provides for maintenance, operation, upkeep, or improvement thereof. Obviously, whether this is a charitable trust depends upon the law of Missouri, the state of the testator's domicile. What constitutes a charitable trust under Missouri law has been so excellently and exhaustively discussed by Judge Van Valkenburgh in the recent case of Gossett v. Swinney (C. C. A.) 53 F.(2d) 772, that nothing useful can be added thereto. As using language peculiarly applicable to the purposes of this trust, we need only carry over from that opinion a quotation from Missouri Historical Society v. Academy of Science, 94 Mo. 459, 8 S. W. 346, 348, as follows: "Any gift not inconsistent with existing laws, which is promotive of science, or tends to the education, enlightenment, benefit, or amelioration of the condition of man-

kind, or the diffusion of useful knowledge, or is for the public convenience, is a charity, within the meaning of the authorities cited, and it is none the less a charity because not so denominated in the instrument which evidences the gift."

With this definition of charitable and with the above clear purpose of the three wills, it is certain that the trusts contemplated by each and all of them are, in a legal sense, purely public charitable trusts.

The argument that this bequest violates the rule against perpetuities is based on the idea that the art gallery, provided for in the will of Mrs. Nelson and specified in this will, may not be built within twenty-one years after lives in being. This involves a confusion of administration of the trust—expenditures of the funds—with vesting of the estate. It is the vesting of the estate with which the rule is concerned. A decision on facts quite similar to those here involved, and which states and clarifies the situation, is Jones v. Habersham, 107 U. S. 174, 2 S. Ct. 336, 27 L. Ed. 401. Under the terms of this will, there is no postponement of vesting of title in the trustees, the designation of beneficiaries (the public) is definite, and the purpose of expenditures is clearly stated. It makes no difference, this being a charitable trust, that the expenditures under this vested trust might continue or even begin beyond the twenty-one years after lives in being. Stewart v. Coshow, 238 Mo. 662, 673, 142 S. W. 283.

Even if "certainty" were required as to the condition arising (building of the art gallery) upon which the expenditures from this vested charitable trust are to be made, yet certainty is not an absolute term—as the flow of water down hill. It is a term to be understood in a human sense as applied to human affairs. Judging the certainty of this happening at the time testator died, clearly there was certainty. There were large and ample funds in the trust of the will of Mrs. Nelson to assure this building. In fact, the building was in course of erection when this suit was tried below. To avoid this bequest in this situation would be trifling with actualities.

The decree is affirmed.