* Corpus Juris-Cyc References: Commerce, 12CJ, section 116, p. 88, n. 71.
This case comes to us from the circuit court of Adair county. The case was tried on the agreed statement of facts. The facts are, that plaintiffs called the defendant station at Kirksville on September 14, 1923, placing an order for two stock cars for the shipment of cattle to Chicago, September 16, 1923. The agent said he would endeavor to provide the cars for the 16th. About noon on September 15th the agent notified the plaintiffs that he would be unable to furnish cars for shipment on the 16th. However, at about three o'clock P.M., two empty stock cars were placed by defendant at the stock yards in Kirksville for plaintiff's use on the 16th. Defendant's agents knew the cars were so placed but did not inform the plaintiffs or attempt to inform them. Plaintiffs did not bring the cattle in for shipment on the 16th but waited until the 18th of September. When the cattle were shipped a written contract providing for notice of claim within six months and providing that suit should not be brought after two years and one day was signed. Defendant's tariff was filed and approved by the Interstate Commerce Commission and posted as required by law. This tariff contains the provisions set out in the contract just referred to. No notice was given within six months and no suit was brought within two years and one day.
The evidence shows that there was a decline in the market between the 17th day of September and the 19th day of September.
The court found for plaintiffs and assessed their damages at $277.32. Defendant after an unsuccessful motion for a new trial, brings the case here on appeal.
Plaintiffs contend that the action is one at common law for neglect in furnishing cars when it was within the appellant's power so to do. However, from reading the petition it seems to us that the action is for failure of the agent to notify the plaintiffs that the cars were in Kirksville on September 17th. However, as we view the case this difference is not important, as in any event the validity of the agreement to furnish cars at a given time is the foundation of the suit.
This is an interstate shipment from Kirksville, Missouri, to Chicago, Illinois. The Federal rule controls. [Parsons v. Chicago, B. Q.R.R. Co., 300 S.W. 324; Burgher v. Wabash Ry. Co., 217 S.W. *Page 1137 
854.] There can be no doubt that the furnishing of cars for an interstate shipment is governed by the Federal rule.
As Mr. Chief Justice WHITE in Chicago, R.I. P. Ry. Co. v. Hardwick Elevator Co. (decided January 6, 1913), 226 U.S. 426, l.c. 435, said:
"As legislation concerning the delivery of cars for the carriage of interstate traffic was clearly a matter of interstate commerce regulation, even if such subject was embraced within that class of powers concerning which the State had a right to exert its authority in the absence of legislation by Congress, it must follow in consequence of the action of Congress to which we have referred that the power of the State over the subject-matter ceased to exist from the moment that Congress exerted its paramount and all-embracing authority over the subject. We say this because the elementary and long-settled doctrine is that there can be no divided authority over interstate commerce and that the regulations of Congress on that subject are supreme. It results, therefore, that in a case where from the particular nature of certain subjects the State may exert authority until Congress acts under the assumption that Congress by inaction has tacitly authorized it to do so, action by Congress destroys the possibility of such assumption, since such action, when exerted, covers the whole field and renders the State impotent to deal with a subject over which it had no inherent but only permissive power."
Therefore, we are to be governed solely by the Federal rule in the discussion of this case.
The Springfield Court of Appeals in Williams v. St. Louis-San Francisco Ry. Co., 274 S.W. 935 (decided in 1925), had before it a suit for failure to furnish cars and held that in view of the interstate commerce act railroads could not make valid agreements to furnish cars.
The case of Mo., Kans. Tex. Ry. v. Harriman, 227 U.S. 667
(decided March 10, 1913), held that interstate shipments were "withdrawn from the field of State law or legislation."
In Davis v. Cornwell, 263 U.S. 44, Sup. Court Rep. 410 (decided April 21, 1924), the Supreme Court of the United States as late as 1924, held that transportation to be furnished was that prescribed in the published tariff and no special service could be contracted for, such as furnishing cars at a given time.
In Underwood v. Hines, 222 S.W. 1037 (decided June 14, 1920), it is held by this court that no verbal agreement to furnish cars in interstate shipment could be relied upon and states broadly that no special contract for unusual service could be made.
To the same effect is Blair-Baker Horse Co. v. Atchison, T. 
S.F. Ry. Co., 200 S.W. 109 (decided December 3, 1917), which *Page 1138 
held that no requirement in a shipment contract could be waived because a waiver would work to the advantage of some and be discriminatory.
The case of Howell v. Hines, 298 Mo. 282, is cited by the respondent. In that case it was held the common law as administered under the Federal rule was still in force by the terms of the Carmack Amendment. This case was decided before the case of Davis v. Cornwell, supra, was handed down by the Supreme Court of the United States.
The next case cited by respondent is Raper v. Lusk,192 Mo. App. 378. This case turns entirely upon the State law and was decided before the Carmack Amendment. Presumably there was no Federal question involved.
Ficklin v. Railroad, 117 Mo. App. 211, cited by respondent, was an intrastate shipment and no Federal question was discussed.
Baker v. Railroad, 145 Mo. App. 189, was an interstate shipment but arose in 1905, before the Carmack Amendment and before the authoritative decisions of the Supreme Court of the United States were handed down.
It follows that if the railroad cannot give special service to have cars at a certain time, it cannot be liable for a failure to notify the plaintiffs that cars are actually available. This would be a special service and would be unlawful. [Williams v. St. Louis-San Francisco Ry. Co., supra, and Underwood v. Hines, supra.]
Under this view it is not necessary to discuss the other questions raised by appellant.
The judgment is reversed and the cause remanded with directions to enter judgment for the defendant. Frank, C., concurs.